**Roy James MOSS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 62748.**

Court of Criminal Appeals of Texas, Panel No. 2.

April 28, 1982.

Rehearing Denied May 26, 1982.

Walter L. Irvin, Dallas, for appellant.

Henry Wade, Dist. Atty. and Bruce Evan Foster, Sue L. Lagarde and Michael E. Keasler, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and CLINTON and TEAGUE, JJ.

OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for aggravated robbery, where the jury assessed punishment at life imprisonment after finding the allegations in the enhancement paragraphs of the indictment were true.

At the outset we are confronted with appellant's contention that the court committed reversible error by overruling his timely presented objection to the court's jury charge at the penalty stage of the trial because the charge omitted an instruction on his failure to testify at the penalty stage of the trial.

Prior to the charge being read to the jury at the penalty stage of the trial, the appellant objected to the omission of the charge

to instruct the jury on the law relating to his failure to testify at that phase of the bifurcated trial. See Article 36.14, V.A.C. C.P.; *Dirck v. State*, 579 S.W.2d 198 (Tex. Cr.App.1979) (Opinion on Appellant's Motion for Rehearing). The objection was overruled. The court had charged the jury on this phase of the law at the guilt stage of the trial.

*Brown v. State*, 617 S.W.2d 234 (Tex.Cr. App.1981), relying upon *Carter v. Kentucky*, 450 U.S. 288, 101 S.Ct. 1112, 67 L.Ed.2d 241 (1981), is dispositive of appellant's contention. There the conviction was reversed because the court failed to respond to the objection to the omission of the charge to include an instruction on the defendant's failure to testify at the penalty stage of the trial. The conviction must be reversed and the cause remanded.[1]

In light of *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), we shall examine the challenge to the sufficiency of the evidence to sustain the conviction.

■ About 8 p. m. on August 16, 1978, the appellant entered Bill's grocery store in Dallas and asked for Gatorade. Earl Evans, manager, and Gary Roberts, employee, directed him to the section of the store where the cold drinks were displayed. After obtaining a bottle of Gatorade, the appellant approached Roberts, fired a shot into the ceiling stating, "Give it all to me." Evans, who was a few feet away at the meat counter and armed, turned at the sound of the shot. Appellant then shot Evans, who fell to the floor, and "played dead" when appellant approached him. Roberts fired at the appellant, missing. Other shots were exchanged between the two. When Roberts exhausted his ammunition, he fled the store.

William Akins, owner of the store, was in the office. After hearing a second shot, he came out of the office. Seeing appellant and observing what had happened, he shot at appellant twice. He then called the police. Two guns were taken from the store during the course of the robbery.

On August 21, 1978, Dallas police officer R. D. Lewis and other officers had an older model car under surveillance. Appellant, another man and a woman entered the car. It was later stopped. The woman took the officers to an apartment where the revolver and the pistol taken in the course of the robbery were recovered.

Viewing the evidence in the light most favorable to the jury's verdict, we conclude it is sufficient to sustain the conviction.

■ Appellant also contends the trial court erred in overruling his motion to dismiss the indictment and discharge him under the provisions of Article 32A.02, V.A.C. C.P. (Speedy Trial Act). The offense occurred on August 16, 1978. Appellant was arrested on August 21, 1978. The indictment was returned on September 13, 1978, and the State filed its written announcement of "ready" on September 28, 1978, well within the 120 days prescribed by the statute for a felony. Article 32A.02, § (1); supra.

The State's announcement of "ready" was a prima facie showing, that there had been compliance with the statute. There was no evidence by the appellant to challenge, rebut or refute such announcement. The trial court did not err in denying the speedy trial motion. *Fraire v. State*, 588 S.W.2d 789 (Tex.Cr.App.1979); *Barfield v. State*, 586 S.W.2d 538 (Tex.Cr.App.1979).

Since appellant's other contentions are not likely to arise in any subsequent retrial, we shall not consider them.

1. It is difficult for this writer, a trial judge on a district bench for 10 years and on this court for over 15 years, to understand why a trial judge would refuse to add an extra paragraph to the charge which would remove once and forever any question about the matter from the case. Any reluctance by the trial judge to ask the court reporter or others to insert an additional paragraph in the charge, or any instant reaction that the objection is baseless, only results in later appellate briefing by both parties, possible oral argument before a Court of Appeals, and possible review of that court's decision by this court. Much time and effort and judicial wheel spinning can be saved by the trial judge.

**346**

For the error noted, the judgment is reversed and the cause remanded.