**Patricio E. MOYA, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–82–242–CR.**

Court of Appeals of Texas, Corpus Christi.

Nov. 23, 1983.

Donald F. Killingsworth, Yale G. Phillips, Nicolas & Barrera, San Antonio, for appellant.

John Gilmore, Thomas L. Bridges, Sinton, for appellee.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

In a jury trial, appellant was convicted of unlawfully possessing cocaine. Punishment was determined by the jury at five years imprisonment and a $2500.00 fine. We affirm.

In his first ground of error, appellant contends that he received ineffective assistance of counsel because he was represented at his trial by retained attorney who also represented appellant's co-defendant, Mary Sue Moya, his wife. Appellant argues that there was a conflict of interest demonstrated throughout the trial.

■ Appellant quotes a series of passages from the record in order to demonstrate counsel's partiality to appellant's wife. The first three passages occurred out of the presence of the jury during a hearing on the voluntariness of an in-custody statement made by each of the co-defendants. However, we will not find conflict of interest merely because certain testimony was adduced in an attempt to clear appellant's wife from the alleged guilt; the attempt to show the wife's innocence was independent of the case against appellant. The wife herself testified that she had inculpated appellant in her statement only because she was "scared," and added that the commission of the offense "wasn't my husband's fault, it's not his."

Appellant also seeks to show conflict of interest because, at the punishment phase of the trial, the attorney conducted detailed cross-examination of the State's witnesses concerning the wife's favorable outlook for her obtaining probation, "yet wholly failed to elicit any favorable information regarding appellant." We note, however, that there is no showing that any such favorable testimony would be forthcoming. Two of the State's witnesses testified about appellant's bad reputation. His probation officer testified that appellant had been placed under his supervision after committing a felony; thus, the State contends, and appellant does not dispute, that appellant was not eligible for probation by the jury. The probation officer testified that appellant's wife had been previously convicted of a misdemeanor charge of possession of marijuana. The State's witnesses testified that they were substantially unaware of her reputation.

Finally, appellant complains that, at the punishment phase, counsel "allowed the State to elicit testimony from Mary Sue Moya which was highly favorable to her and extremely prejudicial to appellant." In response to the prosecutor's questions, appellant's wife testified that appellant had smoked marijuana

"every now and then .... He only smoked it because he doesn't drink. He doesn't do anything else. He only does it at night sometimes, I guess, but I never did join him."

She also testified that she had never *seen* him smoke the marijuana, however. In any event, the quoted testimony was harmless because, in response to the prosecutor's questioning, appellant himself admitted not only that he smoked marijuana, but also that the cocaine involved in this case belonged to, and was used by, him.

Appellant cites the cases of *Gonzales v. State*, 605 S.W.2d 278 (Tex.Cr.App.1980) and *Ex Parte Parham*, 611 S.W.2d 103 (Tex. Cr.App.1981) as being dispositive of this case. In both cases the Court stated that to establish ineffective assistance of counsel, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance. Once this adverse affect is shown, appellant need not demonstrate any specific prejudice to obtain relief.

We find no actual conflict of interest demonstrated by the record that is before us. Trial retained counsel actively sought acquittal for both clients; and doing so, he provided each client with at least adequate representation. Appellant's first ground of error is overruled.

In his second ground of error, appellant contends that the jury charge was fundamentally defective because it authorized the jury to convict appellant without finding all of the statutory elements of possession of cocaine. The challenged portion of the charge states that the jury could find appellant guilty if they found that he "did intentionally or knowingly possess a controlled substance, to-wit, cocaine, as alleged in the indictment ...." Appellant argues that the *weight* of the substance possessed is an essential element of the offense, relying on the language of Article 4476–15, Section 4.04(b) (Vernon Supp.1982), which states that a felony of the second degree is committed if a person unlawfully possesses less than 28 grams of a controlled substance listed in Penalty Group I.

We note first that the portion of the statute cited by appellant was recently de-

termined to be unconstitutional; thus, we must examine the offense as it existed before the unconstitutional amendment was passed. *Ex Parte Crisp,* —— S.W.2d ——, No. 1044–82 (Tex.Crim.App. September 14, 1983).

◼ Under the previous statute, the mere possession of cocaine was an offense. Article 4476–15 § 4.02(b)(3)(D) (Acts 1979, 66th Leg., ch. 598). Where an accused is charged with unlawful *possession* of a controlled substance, the State must prove two elements: (1) that the accused exercised care, control and management over the contraband; and (2) that the accused knew the matter possessed was contraband. *Deshong v. State,* 625 S.W.2d 327 (Tex.Cr.App.1981) Thus, the jury need not receive instructions on the *quantity* of contraband possessed by a defendant. *Reyes v. State,* 480 S.W.2d 373 (Tex.Cr.App.1972). Appellant's second ground of error is overruled.

In his third ground of error, appellant generally contends again that he was denied effective assistance of counsel. In support of this contention, appellant cites specific failures to object to (1) the "admission of prejudicial evidence"; (2) improper jury argument; and (3) the court's charge. In addition, appellant contends that counsel himself injected an extraneous offense—possession of marijuana—into evidence.

◼ The familiar test to be applied in determining whether counsel provided constitutionally satisfactory services is the "reasonably effective assistance" standard. Such a determination is based upon the totality of counsel's representation. *Ferguson v. State,* 639 S.W.2d 307 (Tex.Cr.App. 1982).

◼ "The constitutional right to counsel, whether counsel is appointed or retained, does not mean errorless counsel or whose competency or adequacy of his representation is to be judged by hindsight." *Ex Parte Robinson,* 639 S.W.2d 953 (Tex.Cr. App.1982). "Ineffective assistance of counsel cannot be established by separating out one portion of the trial counsel's performance for examination." *Bolden v. State,*

634 S.W.2d 710 (Tex.Cr.App.1982). "An allegation of ineffective counsel will be sustained only if it is firmly founded and the record affirmatively demonstrates counsel's alleged ineffectiveness." *Ex Parte McWilliams,* 634 S.W.2d 815 (Tex.Cr.App.1982).

◼ Various factors examined by us in determining from the record whether counsel was effective include pretrial motions; voir dire examination; cross-examination; the production of defense witnesses; objections; final argument, participation in preparation of the charge, post-trial procedure; and the degree of counsel's knowledge of the facts surrounding the accused's case. See, collectively, *Ferguson v. State,* 639 S.W.2d 307 (Tex.Cr.App.1982); *Bolden v. State,* 634 S.W.2d at 710 (Tex.Cr.App. 1982); *Romo v. State,* 631 S.W.2d 504 (Tex. Cr.App.1982).

◼ Our review of the entire record reveals that appellant's trial counsel provided at least "reasonably effective assistance" in the face of overwhelming evidence of appellant's guilt. Counsel attempted a number of pretrial maneuvers which included a vigorous attempt to set aside appellant's confession and a lengthy voir dire examination of the jury panel. State's witnesses were extensively cross-examined and final arguments were effective in light of the circumstances. Appellant's counsel displayed a thorough knowledge of the facts surrounding appellant's case.

Any claim of ineffective assistance of counsel must be determined upon the particular circumstances of each individual case. *Ex Parte Raborn,* 658 S.W.2d 602 (Tex.Crim.App.1983). In the case before us, appellant signed a confession, determined to be voluntary, in which he admitted possessing the cocaine. At trial, appellant denied possessing the cocaine and testified that he thought he was being arrested "in connection with the marijuana." It was a plausible trial strategy to attack the voluntariness of the confession for possessing cocaine by seeking to establish in its place guilt for possession of a small amount of marijuana.

Appellant cites the cases of *Callaway v. State,* 594 S.W.2d 440 (Tex.Cr.App.1980) and *Weathersby v. State,* 627 S.W.2d 729 (Tex.Cr.App.1982) as authority for finding ineffective assistance where counsel repeatedly failed to object to improper evidence. However, we do not find before us the compelling reasons for reversal which are apparent in those cases. The asserted failures to object tend to be isolated and occasionally even assigned to proper matters. Error, if any, was harmless. All of appellant's grounds of error are overruled.

The judgment of the trial court is AFFIRMED.