Tommy L. STEWART, Appellant,

v.

The STATE of Texas, Appellee.

No. 05-82-00355-CR.

Court of Appeals of Texas,
Dallas.

Jan. 6, 1984.

Discretionary Review Refused
May 9, 1984.

G.A. (Lee) Hight, Dallas, for appellant.

Henry Wade, Dist. Atty., Jeffery Keck, Asst. Dist. Atty., for appellee.

Before CARVER, SPARLING and WHITHAM, JJ.

SPARLING, Justice.

Appellant was convicted of murder and sentenced to twenty-five years' imprisonment. Appellant testified at the guilt-innocence stage of his trial but did not testify at the punishment phase. Appellant complains that the court erred by refusing, on

request, to instruct the jury at the punishment hearing that no adverse inferences could be drawn from his failure to testify. We agree and, accordingly, reverse.

■ State and federal law guarantee that the accused may not be compelled to give self-incriminating testimony. U.S. CONST. AMEND. V; TEX. CONST. art. I, § 10. The accused knowingly may waive the right, *Malloy v. Hogan,* 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964), but governmental action that inhibits unfettered exercise of the privilege is prohibited. TEX.CODE CRIM.PROC.ANN. art. 38.08 (Vernon 1979); *Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965) (prosecutorial comment on failure to testify reversible error).

■ In *Carter v. Kentucky,* 450 U.S. 288, 101 S.Ct. 1112, 67 L.Ed.2d 241 (1981), the Supreme Court held that if an accused chooses not to testify, due process entitles him to a jury instruction stating that no adverse inferences may be drawn from his silence. The *Carter* rule does not directly speak to the bifurcated nature of Texas criminal trials, TEX.CODE CRIM.PROC. ANN. art. 37.07, Sec. 2(a) (Vernon 1981); however, the Court of Criminal Appeals, in *Brown v. State,* 617 S.W.2d 234 (Tex.Cr. App.1981), held that a defendant who does not testify at either phase of the trial is entitled, upon timely request, to a "right to silence" instruction in the punishment charge even though the jury was given that instruction in the guilt-innocence charge. *See also Moss v. State,* 632 S.W.2d 344 (Tex.Cr.App.1982). We hold that an accused who chooses to remain silent during the punishment phase of the trial is entitled to a cautionary instruction in the punishment charge even though he may have testified during the guilt-innocence phase.

■ We are compelled to this conclusion because a defendant who takes the stand at the guilt-innocence hearing waives his privilege against self-incrimination only as to that proceeding and may not be recalled by the State at the punishment hearing.

*Brumfield v. State,* 445 S.W.2d 732 (Tex. Cr.App.1969). Thus, he may choose not to testify, his silence may not be used against him, and the jury should be so instructed.

■ Although appellant's testimony at the guilt-innocence stage may be considered by the jury in assessing punishment, *Brumfield,* 445 S.W.2d at 740, the protection against self-incrimination continues until all proceedings have terminated. Since appellant testified during guilt-innocence, the jury never received an instruction regarding appellant's right to remain silent; hence, they may have been more disposed than the *Brown* jurors to give evidentiary weight to appellant's unexplained silence during the punishment phase. The possibility that the jury may adversely construe appellant's silence is unacceptable. "[T]he failure to limit the jurors' speculation on the meaning of that silence, when the defendant makes a timely request that a prophylactic instruction be given, exerts an impermissible toll on the full and fair exercise of the privilege." *Carter,* 450 U.S. at 305, 101 S.Ct. at 1121. We hold that the court's failure to instruct the jury impermissibly penalized appellant's exercise of his Fifth Amendment right. Accordingly, we reverse.

The judgment is reversed and the cause remanded.