**Frank JANUARY, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–83–371–CR.**

Court of Appeals of Texas, Corpus Christi.

Sept. 13, 1984.

Rehearing Denied Oct. 11, 1984.

Joseph A. Connors, III, McAllen, for appellant.

Theodore C. Hake, Asst. Dist. Atty., Edinburg, for appellee.

Before NYE, C.J., and UTTER and SEERDEN, JJ.

## OPINION

NYE, Chief Justice.

Appellant was convicted of aggravated kidnapping. Punishment was assessed by the jury at 90 years in the Texas Department of Corrections. We affirm.

In his first two grounds of error, appellant contends that the trial court erred in denying his request to have the jury instructed at the punishment phase of the trial not to consider extraneous offenses in assessing the punishment for aggravated kidnapping. Appellant concedes that he has been unable to find authority in support of his argument. The State, for its part, concedes that Texas law prohibits a jury from being urged to punish for collateral crimes, *Brown v. State*, 530 S.W.2d 118 (Tex.Crim.App.1975), but the State, citing *Henriksen v. State*, 500 S.W.2d 491 (Tex.Crim.App.1973), argues that the punishment charge included by reference an instruction on extraneous offenses.

As in the *Henriksen* case, the jury charges given after the guilt-innocence phase sufficiently included extraneous offense instructions which limited the jury's consideration of the extraneous offense to show the intent of appellant and for no other purpose; and the juries were instructed in both cases that the charge contained the law applicable to the case. In *Henriksen*, the defendant complained that no charge on extraneous offenses was included in the punishment charge. Here, the charge submitted to the jury after the punishment phase of trial instructed the jury to assess punishment "on the facts of the case as testified to by the witnesses and the law as given you in the charge of the court." We conclude that no reversible error exists. *Henriksen*, supra. Appellant's first two grounds of error are overruled.

In his third ground of error, appellant complains about the prosecutor's argument at the punishment phase of trial, in which references were made to appellant shooting Luis Reyes, the kidnap victim. It is not necessary to set forth the complained-of arguments for they were made in the absence of objection. Moreover, the prosecutor's arguments were proper. Appellant suggests that the shooting of Luis Reyes was an extraneous offense and not a part of the aggravated kidnapping. We disagree. Reyes was shot while trying to escape from his abductor. Acts committed during the commission of the kidnapping are admissible to show the context in which the offense occurred. *Butler v. State*, 645 S.W.2d 820 (Tex.Crim.App.1983). Furthermore, the jury has a right to hear what occurred immediately prior to and subsequent to the commission of an offense. *Albrecht v. State*, 486 S.W.2d 97 (Tex.Crim. App.1972). Since the evidence of the shooting was admissible evidence, references to these facts during the punishment argument were proper. Appellant's third ground of error is overruled.

In his fourth through seventh grounds of error, appellant maintains that the trial court erred in allowing his common-law wife to testify in violation of TEX. CODE CRIM.PROC.ANN. art. 38.11 (Vernon 1979) and in not submitting as a jury issue the existence of a common-law marriage. Here, the trial court found that, as

a matter of law, no common-law marriage had been established, and the alleged wife was allowed to testify against appellant. The existence of a common-law marriage, if raised by the evidence, should be decided by the trier of fact. *Bodde v. State*, 568 S.W.2d 344 (Tex.Crim.App.1978). The elements of a common-law marriage are an agreement to presently become man and wife, a living together pursuant to the agreement and cohabitation as husband and wife, and a holding out of each other to the public as husband and wife. *Esparza v. Esparza*, 382 S.W.2d 162 (Tex.Civ.App.— Corpus Christi 1964, no writ); *Hightower v. State*, 629 S.W.2d 920 (Tex.Crim.App.1981).

In the instant case, Olga Olivarez was called as a State's witness outside the presence of the jury, and she was questioned about her relationship with the appellant. Olivarez testified that she had lived with the appellant for about two years and had one child by appellant. Olivarez testified that she did not consider herself appellant's common-law wife, and that they "were going to get married, but we didn't." She further stated that she had not told others that she was married, and that the child fathered by appellant used her last name, not the appellant's. Olivarez further testified that a joint bank account held with appellant was held in the names Frank Herrera [1] and Olga Olivarez.

On cross-examination, Olivarez admitted to signing a statement before a Notary Public in which she referred to appellant as her common-law husband. Appellant argues that this admission, along with the following testimony, created a fact issue on the existence of a common-law marriage. Olivarez testified:

Q: (By State's prosecutor) Olga, have you ever held yourself out to be Frank January (Herrera's) wife? In other words, have you told people you're Frank January's wife?

A: No

Q: Okay. Are you—do you consider yourself married to Frank January?

A: Not no more.

Q: Okay, And have you ever been married to Frank January?

A: No, sir.

Appellant presented no evidence on the matter except to claim that Olivarez was his common-law wife. He did not testify to any factual details to support his conclusion.

As noted above, the trial court found that, as a matter of law, appellant and Olivarez had not entered into a common-law marriage, allowed Olivarez to testify before the jury, and did not instruct the jury on common-law marriages. Appellant now asserts that the trial court erred in not submitting the issue to the jury.

■ Although appellant contends that the above evidence created a fact issue, we need not address this contention, for we conclude that appellant never properly requested that the jury be instructed on the existence of a common-law marriage. It is settled law that, even where the evidence is conflicting on the existence of a common-law marriage, the appellant must request that the issue be submitted to the jury (or complain at trial that the issue of the common-law marriage was not submitted to the jury) to preserve error. *Hightower v. State*, 629 S.W.2d 920 (Tex.Crim.App.1981).

In the instant case, after the examination of Olivarez outside the presence of the jury, appellant's counsel requested that Olivarez not be allowed to testify "based on the husband-wife privilege." The trial court allowed her to testify without further objection.

■ Counsel did not submit a requested charge on common-law marriage and did not object to the trial court's charge when given an opportunity to do so.

Before the charge was read to the jury, the trial court asked the appellant if he had anything to say:

THE COURT: All right. Anything in particular that you would like to object to about the way this case has been tried?

---

1. Frank January was also known as Frank Herrera.

THE DEFENDANT: Only that of the common law.

THE COURT: Of what?

THE DEFENDANT: On that common law marriage.

THE COURT: Okay. Anything else?

THE DEFENDANT: Nothing more.

To constitute a valid objection to the charge, the objection must be specific enough to apprise the court of the nature of the complaint. *Hackbarth v. State,* 617 S.W.2d 944 (Tex.Crim.App.1981). Even though appellant did express his displeasure with the court's handling of the common-law marriage issue, we are of the opinion that the appellant's above expression was inadequate to apprise the trial court that appellant wished to have the jury charged on the issue. The appellant obviously could have been referring to the trial court's ruling on his counsel's request that Olivarez not be allowed to testify. There is simply nothing in the record which shows that appellant or his counsel ever requested the trial court to charge the jury on this issue. Appellant's fourth through seventh grounds of error are overruled.

In his eighth ground of error, appellant contends that the evidence is insufficient to support the allegations in the indictment which alleged that appellant "did then and there intentionally abduct Luis Reyes with intent to terrorize the said Luis Reyes." *See* TEX.PENAL CODE ANN. § 20.04 (Vernon 1974). Appellant specifically argues that the State failed to show that Luis Reyes was secreted or held in a place where he was not likely to be found. He also argues that no evidence exists to show that appellant restrained Luis Reyes so as to interfere substantially with his liberty. Beyond these assertions, appellant does not argue that the State failed in its proof.

■ We begin by noting that kidnapping may be committed in at least two different ways. One way is to restrain a person with the intent to prevent his liberation by secreting or holding him in a place where he is not likely to be found. TEX.PENAL CODE ANN. § 20.01(2)(A) (Vernon 1974). Another way is to restrain a person with the intent to prevent his liberation by using or threatening to use deadly force. TEX. PENAL CODE ANN. § 20.01(2)(B) (Vernon 1974). "Restrain" is defined as restricting a person's movement without his consent so as to interfere substantially with his liberty by moving him from one place to another or by confining him. TEX.PENAL CODE ANN. § 20.01(1) (Vernon 1974). Under the charge in this case, which followed the allegations in the indictment, the jury was authorized to convict appellant of aggravated kidnapping if it found that he restrained Luis Reyes with the intent to prevent his liberation by using or threatening to use deadly force and with the intent to terrorize Luis Reyes. In short, the State was not required to show that appellant secreted or held Reyes in a place where he was not likely to be found. Appellant's contention is without merit. Next, appellant contends that the evidence fails to show that Reyes was restrained.

■ The evidence shows that appellant asked Reyes for a ride to a gasoline station in McAllen. Reyes obliged. Appellant then requested Reyes to drive to Mission. Reyes refused, and appellant drew a gun and forced Reyes to drive to a rural canal. When they arrived at the canal, Reyes made an unsuccessful attempt to escape, and appellant stated that he was going to kill Reyes. Reyes then attempted another escape, but appellant shot him several times. Reyes pretended he was dead, but he then heard appellant playing with the gun, and he decided to run toward a paved road. Reyes was able to flag down a passing motorist, who took him to a hospital.

The evidence clearly shows that appellant abducted and restrained Reyes by threats of deadly force. Reyes was abducted from the moment appellant drew his gun and forced Reyes to drive. We hold that the evidence is sufficient to sustain the conviction. *See Weaver v. State,* 657 S.W.2d 148 (Tex.Crim.App.1983). Appellant's eighth ground of error is overruled.

In grounds of error nine, thirteen, fourteen, and sixteen, appellant alleges error

but concedes that current case law does not support his positions. These grounds of error are overruled.

In grounds of error ten through twelve, appellant contends that the trial court erred in overruling his motion to consolidate his trials in this cause (No. CR–550–83–D) and Cause No. CR–556–83–D. We have reviewed the record and are unable to address the merits of appellant's grounds of error because the record fails to show what, if any, offense was charged in CR–556–83–D. A pretrial hearing on appellant's motion, the transcription of which is only slightly longer than one page, shows only that the trial court denied appellant's motion to consolidate and reveals nothing about the merits of appellant's contention. We are unable to address appellant's arguments on appeal. Appellant's tenth through twelfth grounds of error are overruled.

In ground of error fifteen, appellant contends the trial court's charge to the jury was fundamentally defective because it failed to instruct the jury that appellant had a right to remain silent. Appellant cites *Stewart v. State*, 666 S.W.2d 548 (Tex.App.—Dallas 1984, pet. ref'd.) in support of his argument. In *Stewart*, however, a request for an instruction in this regard was requested and refused. In this case, there was no request. We decline to hold that the failure to include the instruction is fundamental error as appellant argues. Appellant's fifteenth ground of error is overruled.

In his seventeenth ground of error, appellant claims that it was fundamental error for the trial court not to include an instruction on self-defense in its charge. No request for such instruction was made. As such, the failure to include such a charge is not fundamental error. *Jones v. State*, 195 S.W.2d 349 (Tex.Crim.App.1946). Appellant's seventeenth ground of error is overruled.

In his eighteenth ground of error, appellant alleges that reversible error occurred when the State's key witness mentioned an extraneous offense which involved the appellant. The record shows that the witness, Luis Reyes, testified in Spanish that appellant had told him that he had been in trouble with the police and had been caught with marijuana. Before the witness' testimony was translated into English, appellant's counsel objected. The jury was excused and counsel continued his objection. When the jury returned, the trial court instructed it to disregard the witness' statement. Appellant's motion for mistrial was overruled. Generally, an instruction to disregard is sufficient to cure any error. *Johnson v. State*, 583 S.W.2d 399 (Tex.Crim.App.1979). This is so even where references are made to extraneous offenses. *White v. State*, 610 S.W.2d 504 (Tex.Crim.App.1981). In this particular case, the witness' statement was not translated into English in the jury's presence, and, although some members of the jury may have understood Spanish, the instruction to cure was sufficient to remove any prejudice to the appellant. Accordingly, appellant's eighteenth ground of error is overruled.

In grounds of error nineteen through twenty-three, appellant contends that trial counsel did not render effective assistance of counsel and that the trial court erred in not holding an evidentiary hearing in response to appellant's motion for new trial to develop evidence regarding trial counsel's performance. Appellant lists at least twenty-two instances where trial counsel should have objected, presented motions, requested instructions, or taken other action to represent appellant more thoroughly. We have previously stated the proper standard of review with respect to allegations of ineffective assistance of counsel and noted various factors used to determine counsel's performance. *See Moya v. State*, 661 S.W.2d 325 (Tex.App.—Corpus Christi 1983, no pet.). These factors include pretrial motions; voir dire examination; cross-examination; the production of defense witnesses; objections; final argument; participation in preparation of the charge; post-trial procedure; and the

degree of counsel's knowledge of the facts of the case. We have reviewed the entire record, and, while certain matters could have been more adroitly handled, counsel's performance as a whole shows that he provided reasonably effective assistance.

Appellant's grounds of error nineteen through twenty-three are overruled.

The judgment of the trial court is AFFIRMED.