Kenneth Dewayne PIERSON, Appellant,

v.

The STATE of Texas, Appellee.

Nos. A14–84–300CR, C14–84–479CR
and A14–84–480CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 21, 1985.

Peter W. Lewis, Houston, for appellant.

Timothy G. Taft, Asst. Dist. Atty., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and CANNON and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

This appeal arises from three separate cases involving two convictions for the unauthorized use of a motor vehicle and one conviction for aggravated robbery. Appellant Kenneth Dewayne Pierson presents two grounds of error: (1) violation of the constitutional prohibition against double jeopardy and (2) trial court error during the punishment phase of the trial in refusing to instruct the jury that appellant's failure to testify should not be held against him.

In 1982 appellant received a six-year probated sentence and a $300 fine after pleading guilty to a charge of unauthorized use of a motor vehicle. In November of 1983, the State charged appellant with two separate crimes arising out of the same incident: unauthorized use of a motor vehicle and aggravated robbery. One month later the State filed a motion to revoke appellant's probation for the 1982 unauthorized use offense.

As the jury trial began, appellant pled guilty to the 1983 unauthorized use of a motor vehicle, not true to the motion to revoke probation, and not guilty to aggravated robbery. The jury convicted appellant of aggravated robbery and assessed punishment at 45 years for the robbery and 10 years for the 1983 unauthorized use offense. The trial judge revoked appellant's probation and sentenced him to six years for the 1982 unauthorized use offense, an action appellant does not contest in this appeal. We affirm the revocation of probation. However, we reverse the conviction for the 1983 unauthorized use offense because this conviction violates the prohibition against double jeopardy. We further reverse the aggravated robbery conviction because of trial court error during the punishment hearing and remand this case for a new trial.

Appellant alleges in his first ground of error that the district court violated his constitutional protection against double jeopardy because it convicted him of both a greater and a lesser included offense arising out of the same incident. The aggravated robbery conviction was based on testimony that appellant stole the complainant's car at gunpoint. No other property was alleged to have been taken. Appellant continued to drive the car until he was arrested approximately one month later. The State then charged him with the unauthorized use of a motor vehicle in addition to charging him with aggravated robbery.

In a similar case the Court of Criminal Appeals held that unauthorized use of a motor vehicle is a lesser included offense of aggravated robbery. *Griffin v. State*, 614 S.W.2d 155 (Tex.Crim.App.1981). Thus, the district court may not convict appellant for both offenses arising out of the same incident without violating the constitutional prohibition against double jeopardy. U.S. Const. amend. V; *see Brown v. Ohio*, 432 U.S. 161, 166, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977).

The State argues that it was appropriate to indict appellant for both crimes because he committed the aggravated robbery on October 21 but continued to use the car without the owner's consent until November 25. The State contends that the indictment for the separate offense of unauthorized use was valid because the two crimes were sufficiently separated in space and time. The United States Supreme Court rejected this argument in *Brown v. Ohio*, 432 U.S. at 169, 97 S.Ct. at 2227. The Court stated, "[t]he Double Jeopardy Clause is not such a fragile guarantee that prosecutors can avoid its limitations by the simple expedient of dividing a single crime into a series of temporal or spatial units."

 Furthermore, in discussing appellant's guilty plea, the trial judge specifically questioned appellant as follows:

> We are not talking about October 22nd, October 23rd, November 25th when you were arrested. We are talking about October 21st. The date of the offense, 1983, did you have [the complainant's] consent to drive that vehicle?

From this statement, it is clear that the trial court accepted a guilty plea that related to the appellant's behavior on October 21, the day of the aggravated robbery. These circumstances and the Supreme Court decision in *Brown v. Ohio* confirm that the aggravated robbery and the unauthorized use should be treated as greater and lesser included offenses. We find that appellant's conviction for both a greater and a lesser included offense violated the protection against double jeopardy; thus, we sustain appellant's first ground of error and must now determine the proper remedy for this injustice. The following chronology of the trial court's proceedings is relevant to this determination: (1) the jury was empaneled, sworn, and instructed to leave the courtroom; (2) appellant pled guilty to the 1983 unauthorized use offense and not true to the motion to revoke probation; (3) the jury returned to the courtroom; (4) appellant pled not guilty to aggravated robbery; and (5) appellant again pled guilty to the 1983 unauthorized use offense in the presence of the jury so that the jury could later assess his punishment in this case.

■ From this sequence of events, we find that jeopardy initially attached when the jury was empaneled to try the aggravated robbery case. *Crist v. Bretz*, 437 U.S. 28, 36, 98 S.Ct. 2156, 2161, 57 L.Ed.2d 24 (1978); *Torres v. State*, 614 S.W.2d 436, 441 (Tex.Crim.App.1981). Appellant was placed in *double* jeopardy when he subsequently entered into the record a plea of guilty to the 1983 unauthorized use offense. *See Thornton v. State*, 601 S.W.2d 340, 344 (Tex.Crim.App.1980); 22 C.J.S. *Criminal Law* § 248 (1961 and Supp.1984). Therefore, we reverse the conviction for the 1983 unauthorized use of a motor vehicle and remand this case to the trial court with instructions to enter a verdict of acquittal.

Appellant contends in his second ground of error that the trial court erred in failing to instruct the jury that appellant's failure to testify during the punishment hearing should not be held as a circumstance against him. When appellant requested the instruction at the punishment stage, the trial judge refused because appellant's testimony at the guilt-innocence stage had been officially re-offered for the punishment phase. The trial judge apparently decided that counsel's re-offer of the earlier testimony precluded an instruction on appellant's failure to testify at the punishment stage, because appellant technically did testify at this second stage. We disagree with this reasoning.

■ Appellant's re-offer of earlier testimony is a mere formality and is unnecessary since a jury assessing punishment may consider the prior testimony even without its being officially re-offered. *Brumfield v. State*, 445 S.W.2d 732, 740 (Tex.Crim.App.1969). Furthermore, the Court of Criminal Appeals has insisted that it is reversible error when a trial court denies a defendant's proper request for an instruction on his failure to testify during the punishment stage. *Moss v. State*, 632 S.W.2d 344 (Tex.Crim.App.1982); *Brown v. State*, 617 S.W.2d 234 (Tex.Crim.App.1981) (en banc); *Stewart v. State*, 666 S.W.2d 548 (Tex.App.—Dallas 1984, pet. ref'd). In the instant case, appellant complied with the procedure for requesting a jury charge. TEX.CODE CRIM.PROC.ANN. art. 36.15 (Vernon Supp.1985). No further exception or objection was needed to preserve error. *Id.* Therefore, we sustain appellant's second ground of error and hold that even when a defendant's testimony at the guilt-innocence phase of the trial is formally re-offered at the punishment phase, a trial court commits reversible error in denying a proper request for an instruction on the defendant's failure to testify at this second stage of the trial. It is important to instruct the jury again of the defendant's right; otherwise, the jurors may draw improper conclusions from the defendant's silence. We sustain appellant's second ground of error, reverse the aggravated robbery conviction, and remand this case to the trial court for a new trial.

We affirm the revocation of probation (Cause No. 361,475); reverse the conviction for the 1983 unauthorized use of a motor vehicle and remand this case to the trial court with instructions to enter a verdict of acquittal (Cause No. 393,128); and reverse the conviction for aggravated robbery and remand this case for a new trial (Cause No. 393,297).