Terry Lynn TEAGUE, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–89–00297–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

April 26, 1990.

Douglas M. O'Brien, Houston, for appellant.

John B. Holmes, Dist. Atty., Carol Cameron and Karen Morris, Asst. Dist. Attys., Houston, for appellee.

Before SAM BASS, DUNN and O'CONNOR, JJ.

## OPINION

O'CONNOR, Justice.

This is an appeal from a conviction of unauthorized use of a motor vehicle. Terry Lynn Teague, appellant, was charged by indictment with aggravated robbery. A jury convicted him of unauthorized use of a motor vehicle, found the enhancement paragraphs were true, and sentenced appellant to 35 years confinement. Appellant raises one question on appeal: Is unauthorized use of a motor vehicle a lesser included offense to aggravated robbery? We hold yes, and affirm.

The indictment charged that appellant, while in the course of committing theft of property owned by James Battenberg, hereafter styled the Complainant, and with intent to obtain and maintain control of the property, intentionally and knowingly [threatened] and [placed] the Complainant in fear of imminent bodily injury and death, by using and exhibiting a deadly weapon, namely, a firearm.

Both complainant and appellant testified and gave conflicting versions of what happened on the night of August 6, and the early morning of August 7, 1988. Here is a summary of the evidence.

Jim Battenberg, the complainant, testified: On the night of August 6, he met friends at Mama's restaurant. Later that night, on the way home, he noticed someone in a truck was looking at him while they were stopped at an intersection. Because he drives a sporty 1987 Firebird, it did not worry him. This person was later identified as appellant. At home, when Battenburg got out of his car, he saw appellant walk toward him.

Battenburg's testimony continued: Appellant asked Battenberg for directions. After Battenberg gave him directions and started to walk away, appellant pulled a gun on him and told him he wanted his car and his money. Battenberg gave appellant both. Appellant told Battenberg that he would bring the car back to the parking garage in two and a half hours if Battenberg did not call the police. After appellant left, Battenberg called two friends for advice. Following their advice, he reported the theft to the police. The next evening, the police found the car on a dirt road in Brazoria County. Several personal items were missing from the car.

Appellant testified: On the night of August 6, he was driving a friend around for $50. They went to a couple of clubs, and then met Battenberg at the International House of Pancakes. The three of them agreed that they would follow Battenburg to his apartment. There, they agreed that appellant and his friend would "run errands" (get narcotics) in Battenberg's car. They asked for Battenberg's car keys. The two of them were unable to deliver cocaine, as planned, and his friend took him home in Battenberg's car. He did not know how the car was damaged and abandoned.

On cross-examination, Battenberg testified: He had never seen appellant before the incident; and he did not loan his car to appellant to buy drugs.

Robert Jenkerson, Battenberg's employer, testified: Battenberg was with him at Mama's restaurant that night and the two of them left at the same time. He did not see appellant at Mama's. Battenberg called him the morning after the incident, and he told Battenberg to call the police.

In his sole point of error, appellant argues that the judgment in this case is null and void. He contends the court did not have jurisdiction to convict him for unauthorized use of a motor vehicle because he was not charged with the offense in the indictment, and unauthorized use of a motor vehicle is not a lesser included offense of aggravated robbery.

■■■ Appellant correctly cites *Houston v. State*, 556 S.W.2d 345, 347 (Tex.Crim. App.1977), for the proposition that a trial court is without jurisdiction to convict a defendant of an offense not charged in the indictment. The trial court, however, may convict a defendant of an offense not charged in the indictment, if the offense is a lesser included offense of the one charged. *Id.* Here, the trial court had jurisdiction to convict appellant of unautho-

rized use of a motor vehicle only if that offense is a lesser included offense to aggravated robbery.

In *Griffin v. State*, 614 S.W.2d 155, 158 n. 4 (Tex.Crim.App. [Panel Op.] 1981), in dicta, the court said:

> [Unauthorized use of a vehicle] is a lesser included offense of theft. Theft, in turn, can be a lesser included offense of aggravated robbery. Therefore, unauthorized use of vehicle can be a lesser included offense of aggravated robbery.

The court in *Griffin* did not discuss the reasoning behind its statement that the unauthorized use of a motor vehicle is a lesser included offense of aggravated robbery. We can see its reasoning, however, if we examine the elements of each offense.[1] Elements of the offenses at issue, as stated in Texas Penal Code (Vernon Supp.1990), are:

### AGGRAVATED ROBBERY (§ 29.03)

(1) **Robbery**; and

(2) Serious bodily injury; or

(3) Use/display of deadly weapon.

### ROBBERY (§ 29.02)

(1) During course of committing **theft**; and

(2) Intent to obtain/maintain control over property; and

(3) Causation or threat of injury.

### THEFT (§ 31.03)

(1) Intent to deprive owner of property; and

(2) **Unlawful appropriation of property.** [Unlawful = without owner's effective consent]

[Appropriation = acquire or exercise of control over property]

### UNAUTHORIZED USE OF MOTOR VEHICLE (§ 31.07)

(1) Intentionally or knowingly **operating** a motor vehicle;[2] and

(2) **Without effective consent of owner.**

■ Working our way up the pyramid of offenses, we know that the unauthorized use of a motor vehicle may be a lesser included offense of theft. *Ex parte Jefferson*, 681 S.W.2d 33, 34 (Tex.Crim.App. 1984); *Neely v. State*, 571 S.W.2d 926, 928 (Tex.Crim.App. [Panel Op.] 1978). We also know that theft may be a lesser included offense of robbery. *Parr v. State*, 658 S.W.2d 620, 622 (Tex.Crim.App.1983). Finally, we know that robbery may be a lesser included offense of aggravated robbery. *Little v. State*, 659 S.W.2d 425, 426 (Tex.Crim.App.1983).

Putting all the pieces together, we hold that unauthorized use of a motor vehicle may be a lesser included offense of aggravated robbery. *Griffin*, 614 S.W.2d at 158 n. 4; *Pierson v. State*, 689 S.W.2d 481, 482 (Tex.App.—Houston [14th Dist.] 1985, pet. ref'd).

■ After reviewing the elements of these offenses, and the facts in the record before us, we find that unauthorized use of a motor vehicle is a lesser included offense of aggravated robbery in this case. *Bell v. State*, 693 S.W.2d 434, 436–39 (Tex.Crim.App.1985) (a case-by-case determination is necessary). The evidence reveals that appellant operated a motor vehicle without the owner's effective consent.

■ The State claims that appellant's point of error is actually a claim that the trial court erred in charging the jury on the lesser included offense of unauthorized use of a motor vehicle. If evidence from any source raises the issue of a lesser included

---

**1.** Article 37.09 of the Code of Criminal Procedure states:

> An offense is a lesser included offense if: (1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged; (2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or (4) it consists of an attempt to commit the offense charged or an otherwise included offense.

TEX.CODE CRIM.P.ANN. art. 37.09 (Vernon 1981).

**2.** We can certainly assume that "operating" is a form of "exercising control over property".

offense, the court must give a lesser included jury charge. *Bell v. State*, 693 S.W.2d at 442. The charge was given in this case, and appellant did not object. A failure to object to a charge on a lesser included offense indicates that the accused agreed that the lesser included offense was raised. *Bradley v. State*, 688 S.W.2d 847, 853 (Tex.Crim.App.1985).

Because we find that unauthorized use of a motor vehicle is a lesser included offense in this case, the trial court had jurisdiction to convict appellant of the offense. We overrule appellant's sole point of error.