No. 04-98-00154-CR



Israel ESPINOZA Martinez,


Appellant



v.



The STATE of Texas,


Appellee



From the 341st Judicial District Court, Webb County, Texas


Trial Court No. K-96-00921-D3


Honorable Rachel Littlejohn, Judge Presiding



Opinion by: Tom Rickhoff, Justice


Sitting: Tom Rickhoff, Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice


Delivered and Filed: July 21, 1999


AFFIRMED


 Israel Espinoza Martinez was convicted of murder and assault. He received a ninety-nine
year sentence for the murder and a one-year sentence for the assault. He appeals, raising six points
of error. We affirm.


Substitution of Juror


 In his first point of error, Espinoza argues the trial court erred by substituting an alternate
juror for a juror who was discovered to be a convicted felon.

 On the fourth day of trial, the prosecutor discovered that one of the jurors was a convicted
felon. The court excused the juror and replaced him with an alternate over Espinoza's objection.

 Espinoza argues that article 36.29(b) of the Code of Criminal Procedure is the only statute
authorizing the substitution of alternate jurors. Because that statute does not apply to this case,
Espinoza argues that the trial court lacked the authority to substitute the alternate juror. Contrary
to Espinoza's argument, article 36.29(b) is not the only statute authorizing the substitution of
alternate jurors. Article 33.011 authorizes the impanelment of up to four alternate jurors in a district
court prosecution. See Tex. Code Crim. Proc. Ann. art. 33.011(a) (Vernon 1989). The statute also
provides, "Alternate jurors ... shall replace jurors who, prior to the time the jury retires to consider
its verdict, become or are found to be ... disqualified to perform their duties." Id. art. 33.011(b)
(emphasis added). A person who has been convicted of a felony is absolutely disqualified from jury
service. See id. arts. 35.16(a)(2), 35.19. Accordingly, once the juror was "found to be" a convicted
felon, the trial court was required to excuse him from the jury. Article 33.011(b) then authorized the
court to replace him with an alternate. The trial court did not err.

 Espinoza also suggests that the substitution of the alternate juror prevented him from properly
exercising his peremptory challenges. We reject this suggestion because the trial court allowed the
parties additional peremptory challenges to be used in the selection of alternates. The first point of
error is overruled.


Failure to Testify


 In his second point of error, Espinoza argues the trial court erred by refusing to give the jury
a "no-adverse-inference" instruction concerning his decision not to testify during the punishment
phase of trial. The court refused his request for this instruction because Espinoza testified during
the guilt/innocence phase.

 Upon a request from the defendant, the trial court must instruct the jury not to draw any
adverse inference from the defendant's failure to testify at the punishment phase of trial, even if the
defendant testified at the guilt/innocence phase. See Beathard v. State, 767 S.W.2d 423, 431-32
(Tex. Crim. App. 1989); Pierson v. State, 689 S.W.2d 481, 483 (Tex. App.--Houston [14th Dist.]
1985, pet. ref'd). Although the trial court erred in this case by refusing to give the instruction, we
conclude that the error was harmless beyond a reasonable doubt. See Tex. R. App. P. 44.2(a);
Beathard, 767 S.W.2d at 432.

 At the punishment phase, the State re-offered all the guilt/innocence phase evidence. It also
offered two judgments of conviction against Espinoza's co-defendant and the testimony of three of
the victim's family members about the victim's good character and about how the victim's death has
affected them. The right to a no-adverse-inference instruction is rooted in a jury's natural tendency
to assume that the decision not to testify stems from a defendant's having something to hide. See
Beathard, 767 S.W.2d at 432. Considering the nature of the State's punishment evidence, this was
not a concern. See id. There was nothing in the new evidence offered at punishment that the jury
would expect Espinoza to refute with his own testimony. Furthermore, the fact that Espinoza
received a ninety-nine-year sentence is not itself sufficient to establish harm. See Castaneda v. State,
852 S.W.2d 291, 295-96 (Tex. App.--San Antonio 1993, no pet.). The second point of error is
overruled.

Witness's Conflict of Interest


 In his third point of error, Espinoza argues the trial court prevented him from impeaching one
of the State's witnesses, Daniel Ortiz, with proof of circumstances showing bias and an "inherent"
conflict of interest.

 Ortiz was an investigator for the Webb County Sheriff at the time of the murder, but he was
an investigator for the Webb County District Attorney at the time of trial. Defense counsel sought
to question him regarding a potential conflict of interest. The court sustained the prosecutor's first
objection--that counsel was being argumentative--to this line of questioning. But the court allowed
counsel to proceed with the line of questioning in a "nice way." Counsel then asked Ortiz whether
a conflict of interest arose from his prior position as sheriff's investigator and his current position
as district attorney's investigator. Ortiz responded that he did not "know either party." At that point,
the prosecutor objected on the ground of relevancy. The court overruled the objection, and Ortiz
again responded that he did not have a conflict of interest because he did not know the parties. The
following then occurred:

 Q: You didn't know the DA or the Sheriff?

 A: No, I didn't know the parties involved.

 Q: That is not what I'm asking.

 The Court: Go on to the next question.

 Defense Counsel: Yes, Your Honor, I will. I think I covered that.


The only point at which the court arguably interfered with the line of questioning was when the court
instructed counsel to go on to the next question. At that point, however, counsel did not object;
instead, he indicated that he was ready to move on anyway. We therefore conclude that the trial
court did not err, and even if it did, the error was not preserved. See Tex. R. App. P. 33.1(a). The
third point of error is overruled.

Use of Confessions 


 In his fourth point of error, Espinoza argues the trial court erred by admitting evidence it had
previously ruled to be inadmissible.

 The defense objected when the prosecution moved to admit audio-video tapes containing
law-enforcement interviews with Espinoza and his co-defendant. The trial court sustained the
objections and excluded the tapes. Nevertheless, the officer who conducted the interviews later
testified about what the defendants said during the interviews. In his brief, Espinoza complains that
the officer was allowed to testify that his co-defendant said that Espinoza "had gotten two (2) shots
off." Espinoza cites several places in the record at which he asserts he objected to this testimony.
Having reviewed the record, taking particular note of the officer's testimony and the specific portions
of the record cited by Espinoza, we conclude that Espinoza has not presented reversible error.

 Espinoza pursued a self-defense strategy at trial; he admitted shooting the victim, but claimed
the victim shot at him first. Other unchallenged testimony established that Espinoza fired more than
once. Therefore, the reference to multiple shots cannot amount to reversible error. See Leday v.
State, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998) (."[O]verruling an objection to evidence will
not result in reversal when other such evidence was received without objection, either before or after
the complained-of ruling."); Ethington v. State, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991)
("[T]he law in Texas requires a party to continue to object each time inadmissible evidence is
offered."); Wade v. State, 814 S.W.2d 763, 764 (Tex. App.--Waco 1991, no pet.) ("If a motion to
suppress is granted, it is necessary for the defendant to object to the excluded evidence if interjected
at trial in order to preserve error.").

 The testimony cited in Espinoza's brief suggests that Espinoza fired as soon as he exited his
vehicle, before the victim had an opportunity to reach for a gun. The prosecutor asked, "From your
interview of [the co-defendant], how many shots did [Espinoza] shoot at [the victim]?" After the
court overruled Espinoza's hearsay objection, the following transpired:

 A: [The co-defendant] said [Espinoza] got off the vehicle shooting and he fired a couple
of shots. I don't recall how many.

 Q: He got off his vehicle shooting?

 A: Shooting.

 Q: Is that what you said?

 A: Yes, that is correct.


Espinoza did not object to the nonresponsive answer that he "got off the vehicle shooting," nor to
the follow-up questions reiterating this fact. Moreover, the prosecutor had previously asked the
officer, "And from your interviews of the defendants, did [Espinoza] get down shooting right away?"
(emphasis added). Espinoza did not object to this question until after the officer had already
responded, "Yes." Because Espinoza failed to make a timely objection each time this testimony was
offered, no reversible error is presented. See Leday, 983 S.W.2d at 718; Ethington, 819 S.W.2d at
858. The fourth point of error is overruled.

Irrelevant and Prejudicial Evidence


 In his fifth point of error, Espinoza argues the trial court by admitting irrelevant and "highly
prejudicial" evidence.

 Witnesses to the murder testified that the defendants threatened to kill them if they reported
the murder. The murder occurred at the entrance to the ranch of one of these witnesses, Mario
Salcedo, Sr. Salcedo testified that he had moved away out of fear that he would be killed and that
he had sold the ranch at a loss of over $30,000. Espinoza objected to this testimony as irrelevant.
Although the judge overruled the objection to the testimony about fear, she sustained the objection
to the testimony about the $30,000 loss and instructed the jury to disregard the testimony.

 The evidence of threats was relevant to establish "consciousness of guilt" of the murder and
assault. See Torres v. State, 794 S.W.2d 596, 598-99 (Tex. App.--Austin 1990, no pet.). We also
note that in addition to murder and assault, the defendants were also charged with retaliation, i.e.,
threatening to harm a person who intends to report a crime. See Tex. Penal Code Ann. §
36.06(a)(1) (Vernon Supp. 1999). The fact that the defendants made threats thus was a fact "of
consequence" to the retaliation charge. Tex. R. Evid. 401. Evidence that Salcedo moved away
because he was afraid had a "tendency to make the existence" of the threats "more probable." Id.
Therefore, the evidence was relevant. See id.

 Espinoza did not object to the evidence that Salcedo had moved because he was afraid the
defendants would kill him on the ground that the probative value of the evidence was substantially
outweighed by the danger of unfair prejudice. Therefore, he has waived that issue. See Tex. R.
Evid. 403; Tex. R. App. P. 33.1(a); Miranda v. State, 813 S.W.2d 724, 738 (Tex. App.--San
Antonio 1991, pet. ref'd).(1) We also conclude that any error in the admission of the testimony about
the $30,000 loss was cured by the instruction to disregard. See Bauder v. State, 921 S.W.2d 696,
698 (Tex. Crim. App. 1996).


 Espinoza also complains about testimony that he was in jail at the time of trial. Espinoza
failed to object to the question clearly eliciting this testimony until the answer had already been
given. Because the objection was untimely, this issue is not preserved. See Ethington, 819 S.W.2d
at 858. Although the objection was untimely, the trial judge nevertheless sustained it and instructed
the jury not to consider the testimony for any purpose. Any error was thereby cured. See Bauder,
921 S.W.2d at 698. The fifth point of error is overruled.

Unfair Trial


 In his final point of error, Espinoza argues the trial judge deprived him of a fair trial because
she repeatedly fell asleep during trial, demonstrated partiality towards the State, and participated in
examining witnesses.

 At several points during trial, defense counsel stated that the judge was going to sleep and
moved for a mistrial. The judge overruled the motions for mistrial. At the hearing on Espinoza's
motion for new trial, counsel for Espinoza's co-defendant testified that he believed the judge fell
asleep at least three times. Two court employees testified that they did not observe the judge fall
asleep at anytime during the trial. There is nothing in the record to indicate how long the periods of
sleep, if any, lasted. The judge orally overruled the motion for new trial without additional
comment.(2) Espinoza argues that he was harmed by the judge's falling asleep because it prevented
her from properly ruling on his motion for instructed verdict. We note that Espinoza has not urged
legal insufficiency of the evidence as a ground of error on appeal; if he had, this court, having
reviewed the entire record, would overrule the ground of error. Therefore, assuming the judge
momentarily fell asleep at some points during the trial, we conclude that Espinoza was not harmed.

 Regarding Espinoza's complaint that the judge demonstrated partiality towards the State and
participated in examining witnesses, we certainly agree with Espinoza that a trial judge should not
exhibit partiality. The danger in allowing a trial judge to participate in examining witnesses is that
the judge may lose her detached role and may convey her opinion of the case to the jury. See
Moreno v. State, 900 S.W.2d 357, 359 (Tex. App.--Texarkana 1995, no pet.). We have carefully
examined each point in the record at which Espinoza claims the judge acted improperly. But we
have also considered these instances in light of the entire record. Although it appears that the judge
was sometimes impatient with defense counsel, it also appears that she exhibited impatience with
the prosecution as well. Thus, we do not believe the judge, either in her comments or in her
questioning, exhibited partiality. We are also cognizant of the overwhelming evidence of guilt in
this case. We have found no reversible error. See Tex. R. App. P. 44.2. The sixth point of error is
overruled.

Conclusion


 For the reasons stated herein, the judgment of the trial court is affirmed.


 Tom Rickhoff, Justice

DO NOT PUBLISH

1. After Salcedo gave that testimony, the prosecutor asked Salcedo whether he was able to visit his family in
Laredo. Salcedo responded that he could not because he was afraid the defendants would carry out their threat to kill
him. Espinoza objected to this question, arguing that it was irrelevant and that the prosecution was "just trying to inflame
the minds of the jury." This testimony was not qualitatively different than the earlier testimony that Salcedo had moved
because he was afraid the defendants would kill him.
2. The judge who presided over the trial also presided over the hearing on the motion for new trial.