In The


 

Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-057 CR


____________________



CONARD HARGEST, III, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 260th District Court


Orange County, Texas


Trial Court No. D-040579-R






MEMORANDUM OPINION


 Appellant Conard Hargest, III (1) was indicted in Chambers County for unauthorized
use of a motor vehicle. The indictment alleged that on February 9, 2004, Hargest "did
then and there intentionally and knowingly operate a motor-propelled vehicle, to-wit: a
1997 TOYOTA AVALON, without the effective consent of [complainant], the owner
thereof." See Tex. Pen. Code Ann. § 31.07 (Vernon 2003). Hargest pled guilty, and
the trial court sentenced him to twelve months of confinement in a state jail facility and
assessed a $1,000.00 fine. 

 Hargest was later indicted for aggravated robbery in Orange County. The first
count of the aggravated robbery indictment alleged that on February 9, 2004, Hargest 

 did then and there while in the course of committing theft of property of
[complainant], and with intent to obtain and maintain control of said
property, intentionally and knowingly cause bodily injury to [complainant],
a person 65 years of age or older, by pushing the said [complainant] down
and taking the keys from her hand[.]


See Tex. Pen. Code Ann. § 29.03(a)(3)(A) (Vernon 2003). The second count alleged
Hargest 

 did then and there while in the course of committing theft, and with intent
to obtain and maintain control of property of [complainant], without the
effective consent of the said [complainant], and with intent to deprive
[complainant] of said property, did then and there intentionally and
knowingly threaten and place [complainant] in fear of imminent bodily injury
and death, and was a person 65 years of age or older[.]

 

See Tex. Pen. Code Ann. § 29.03(a)(3)(A) (Vernon 2003). Hargest filed a petition for
writ of habeas corpus, in which he contended his trial for aggravated robbery was barred
by double jeopardy. The trial court denied Hargest's petition. 

 The State elected to proceed solely on count one of the aggravated robbery
indictment. Hargest waived his right to a jury trial and pled guilty. The trial court
sentenced him to ten years of confinement in the Texas Department of Criminal Justice -
Institutional Division. Hargest then filed this appeal, in which he contends the trial court
erred in denying his petition for habeas corpus because double jeopardy barred his
aggravated robbery trial. We affirm.

 Hargest asserts unauthorized use of a motor vehicle is the same offense as
aggravated robbery for double jeopardy purposes. Our analysis of the issue is governed
by Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). In
Blockburger, the Supreme Court of the United States held as follows:

 [t]he applicable rule is that, where the same act or transaction constitutes a
violation of two distinct statutory provisions, the test to be applied to
determine whether there are two offenses or only one is whether each
provision requires proof of an additional fact which the other does not.


Blockburger, 52 S.Ct. at 182. See also Mallett v. State, 65 S.W.3d 59, 68 (Tex. Crim.
App. 2001). The aggravated robbery charge required the State to prove that Hargest
intentionally and knowingly caused bodily injury to the complainant, and that the
complainant was 65 years of age or older; the unauthorized use of a motor vehicle charge
did not. See Tex. Pen. Code Ann. §§ 29.03, 31.07 (Vernon 2003). The unauthorized
use of a motor vehicle charge required the State to prove that Hargest intentionally and
knowingly operated a motor-propelled vehicle; the aggravated robbery charge did not,
since that indictment alleged Hargest stole complainant's keys, not her vehicle. See id. 
Therefore, the two charges do not constitute the same offense for double jeopardy
purposes. See Blockburger, 52 S.Ct. at 182; Mallett, 65 S.W.3d at 68.

 In support of his contention that unauthorized use of a motor vehicle is the same
offense as aggravated robbery for double jeopardy purposes, Hargest cites Griffin v. State,
614 S.W.2d 155, 158 n. 4 (Tex. Crim. App. 1981); Pierson v. State, 689 S.W.2d 481,
482 (Tex. App.--Houston [14th Dist.] 1985, pet. ref'd); Teague v. State, 789 S.W.2d 380,
382 (Tex. App.--Houston [1st Dist.] 1990, pet. ref'd); and Roy v. State, 76 S.W.3d 87,
93 (Tex. App.--Houston [14th Dist.] 2002, no pet.). However, each of these cases is
either distinguishable or inapposite. 

 Griffin held that, in the context of jury instructions, unauthorized use of a vehicle
can be a lesser included offense of aggravated robbery. Griffin, 614 S.W.2d at 160 n. 4. 
Griffin did not address whether the two offenses constitute the same offense for double
jeopardy purposes. Likewise, the Teague court analyzed the issue of whether the trial
court could convict the defendant of unauthorized use of a motor vehicle when the
indictment only charged him with aggravated robbery. Teague, 789 S.W.2d at 381-83. 
Teague did not involve the issue of double jeopardy. Although Pierson addressed the issue
of double jeopardy, the Pierson court did not apply the Blockburger test, nor did it identify
the aggravating element of the robbery in its analysis. See Pierson, 689 S.W.2d at 482-83;
Blockburger, 52 S.Ct. at 182; Mallett, 65 S.W.3d at 68. The property allegedly stolen
during the aggravated robbery in Roy was the complainant's vehicle, not the keys to the
vehicle. Roy, 76 S.W.3d at 91-92. Therefore, we do not find these cases persuasive. 

 Hargest argues that although the offense involved both the keys and the car, his acts
were committed pursuant to the same transaction, thereby rendering his acts a single
criminal episode. See Tex. Pen. Code Ann. § 3.01(1) (Vernon 2003). However, "[t]he
courts of Texas are bound to follow the Supreme Court's rule that Fifth Amendment
jeopardy questions must be resolved by application of the Blockburger test, which
compares elements of offenses -- not conduct." Ortega v. State, 171 S.W.3d 895, 899 
(Tex. Crim. App. 2005) (en banc). 

 The trial court did not abuse its discretion by denying Hargest's application for writ
of habeas corpus. See Ex parte Peralta, 87 S.W.3d 642, 645 (Tex. App.--San Antonio
2002, no pet.) (Appellate courts review trial court's decision on writ of habeas corpus
under an abuse of discretion standard.). Hargest's sole issue is overruled, and the
judgment of the trial court is affirmed.

 AFFIRMED. 


 _____________________________ 
 STEVE McKEITHEN

 Chief Justice


Submitted on October 6, 2005

Opinion Delivered November 16, 2005

Do Not Publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. Appellant is also referred to as "Conrad Hargest, III" in various documents in the
appellate record.