**David Earl ROY, Appellant,**

v.

**The STATE of Texas, Appellee.**

Nos. 14–00–00932–CR to 14–00–00934–CR.

Court of Appeals of Texas, Houston (14th Dist.).

March 7, 2002.

Ruth Yvonne Burton, Houston, for appellants.

Shirley Cornelius, Houston, for appellees.

Panel consists of Justices ANDERSON, HUDSON, and FROST.

## OPINION

KEM THOMPSON FROST, Justice.

In this consolidated appeal, appellant David Earl Roy challenges his separate convictions for unauthorized use of a motor vehicle, aggravated assault on a public servant, and aggravated robbery. Appellant argues as grounds for reversal double jeopardy, defective indictment, and legal and factual insufficiency of the evidence. We affirm the trial court's judgment, in part, and vacate, in part.

### I. Factual And Procedural Background

Late in the afternoon on December 30, 1999, Stephen Martinez drove his father to Pappas Beverage Store. When they arrived, Martinez's father went into the store while Martinez remained in his truck with the radio on and the windows down. Ten to fifteen minutes later, out of the corner of his eye, Martinez saw an individual, later identified as appellant, walking down the sidewalk. With gun in hand, appellant approached Martinez's truck and demanded that Martinez get out. Martinez did not react. Appellant shouted his demand again and threatened to shoot Martinez if he did not comply. Martinez got out of the truck. Appellant hit him on the forehead with the gun, causing the gun to discharge. Martinez's knees buckled, and

he fell to the ground. After a few seconds, Martinez stood up, fled to a neighboring house, and called 911 on his mobile phone. While on the phone with the police, Martinez saw appellant drive away in his truck.

The Jacinto City Police responded to Martinez's call. Martinez described the assailant as a black male, medium build, 5'7" to 5'8" tall, wearing a flannel jacket and a golfer's cap. Martinez told the police the assailant had stolen his white GMC truck.

A few days later, on January 2, 2000, Deputy Walker was patrolling the Fallbrook subdivision when he spotted a white truck traveling 35 m.p.h. in a 20 m.p.h. zone. As he turned around to follow it, Deputy Walker learned that the truck had been stolen during a robbery. Deputy Walker followed the truck for a few miles before he lost sight of it. Deputy Easthagen and Deputy Wilson were dispatched to assist Deputy Walker in the pursuit of the truck. They were patrolling the subdivision in a marked police car when they saw the truck headed eastbound toward them. Deputy Easthagen stopped and turned the patrol car around. The truck was approaching them at a high rate of speed and Deputy Easthagen accelerated the police vehicle to avoid being hit. Deputy Easthagen saw the label "GMC" coming right at his driver's door as the truck swerved at him. Neither deputy saw any of the occupants of the truck.

Later, while patrolling in the same vicinity, Deputy Walker saw the truck coming toward him, and was able to see the driver, whom he later identified as appellant. Deputy Walker watched as the truck cut across a store parking lot and an open field, and entered another subdivision. After briefly losing sight of the truck again, Deputy Walker found it smashed into a fence along a wooded area. The truck's engine was still running. The driver's side door was open, and it appeared as though the occupants had fled into the woods. After police surrounded the area and conducted a search, four suspects, including appellant, came out of the woods. The officers arrested appellant and impounded the truck. A few days later, Martinez viewed a line-up of five black males and positively identified appellant as the assailant who had held him at gunpoint.

Appellant was charged in cause number 832,341 with the offense of unauthorized use of a motor vehicle and in cause number 832,342 with the offense of aggravated assault, both alleged to have occurred on January 2, 2000. A few days later, he was charged in cause number 832,769 with the offense of aggravated robbery alleged to have occurred on December 30, 1999. A jury found appellant guilty of each offense and assessed the following punishments: (1) one year confinement for the unauthorized use of a motor vehicle; (2) ten years' confinement for aggravated assault; and (3) forty years' confinement for aggravated robbery.

## II. ISSUES PRESENTED ON APPEAL

Appellant brings seven points of error for our review. In his first point of error, he contends his conviction for both aggravated robbery and unauthorized use of a motor vehicle violates his constitutional protections against double jeopardy. In points of error two through four, he argues: (1) the indictment was fundamentally defective for failing to allege the offense of aggravated assault on a public servant; (2) his conviction for aggravated assault violated his right to due process by lowering the State's burden of proof; and (3) there was a fatal variance between the indictment and the proof presented at trial. Because points of error two through four relate to the conviction for aggravated

assault on a public servant, we address them together. In points of error five and six, appellant contends the evidence is both legally and factually insufficient to prove he was the driver of the vehicle that allegedly assaulted Deputy Easthagen. Finally, in his seventh point of error, appellant maintains the evidence is factually insufficient to support his conviction for aggravated robbery.

### III. DOUBLE JEOPARDY

 In his first point of error, appellant argues his convictions for both unauthorized use of a motor vehicle and aggravated robbery constitute double jeopardy because unauthorized use is a lesser included offense of aggravated robbery. The double jeopardy clause of the Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." *See North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Article I, Section 14 of the Texas Constitution provides much the same double jeopardy protections as the United States Constitution. *Stephens v. State*, 806 S.W.2d 812, 814 (Tex.Crim.App.1990). The double jeopardy clause embodies three essential guarantees: (1) it protects against a successive prosecution for the "same offense" after acquittal; (2) it protects against a successive prosecution for the "same offense" after conviction; and (3) it protects against multiple punishments for the "same offense." *Illinois v. Vitale*, 447 U.S. 410, 415, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980); *see also Iglehart v. State*, 837 S.W.2d 122, 126–27 (Tex.Crim.App.1992). When, as here, a defendant is convicted of two or more crimes in a single trial, only the multiple punishment guarantee is implicated. *See Ex Parte Herron*, 790 S.W.2d 623, 624 (Tex.Crim.App.1990).

### A. Waiver of Double Jeopardy Claim

At trial, appellant did not object to being tried on both indictments nor did he otherwise assert his double jeopardy claim before he was convicted and sentenced. Appellant argues in his appellate brief that, because his right not to receive multiple punishments for the same offense is fundamental, it is a right which cannot be waived or forfeited. Appellant misstates the law. According to a recent Court of Criminal Appeals' decision, the question we must first decide is whether appellant can raise his double jeopardy contention for the first time in this appeal. *See Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim.App.2000).

 Because of the fundamental nature of double jeopardy protections, appellant is excused from the preservation requirement when "(1) the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record, *and* (2) when enforcement of usual rules of procedural default serves no legitimate state interests." *Gonzalez*, 8 S.W.3d at 643. Under *Gonzalez*, the critical inquiry is whether the record before the appellate court clearly reflects a double jeopardy violation. We must find that appellant satisfied both prongs of the test to hold he can raise his complaint for the first time in this appeal. We note that some courts interpreting *Gonzalez* have simply held that, in the absence of a trial objection, a double jeopardy claim cannot be raised for the first time on appeal, without even mentioning the two-part *Gonzalez* test. *See Hernandez v. State*, 28 S.W.3d 660, 669 (Tex.App.-Corpus Christi 2000, pet. ref'd); *Hernandez v. State*, 10 S.W.3d 812, 817–18 (Tex.App.-Beaumont 2000, pet. filed). We read *Gonzalez* to require the two-part test.

■ The *Gonzalez* court did not expressly set forth whose burden it is to meet the two-pronged test described or the standard of proof to be applied. However, when finding that the first prong of the test had not been met, the *Gonzalez* court did state: "[a]ppellant, therefore, has not sustained his appellate burden of presenting a record showing on its face any multiple punishments violations." *Gonzalez*, 8 S.W.3d at 645. This language indicates that appellant has the burden of presenting the necessary record rather than meeting the burden of demonstrating from the face of the record already before the appellate court that an undisputed double jeopardy violation was involved.

■ In analyzing the first prong, we acknowledge that the record in this case is fully developed. Appellant stood trial for both offenses and presented a complete record of that trial for our consideration. The appellate record contains two separate indictments—one for unauthorized use of motor vehicle and the other for aggravated robbery. In a case such as this, which may involve a lesser included offense, both cases were necessarily before the trial court, and the court knew or should have known of a potential jeopardy issue. *See Beltran v. State*, 30 S.W.3d 532, 533 n. 1 (Tex.App.-San Antonio 2000, no pet.). We can resolve appellant's claim based on the record before us, and there is no need for further proceedings to add new evidence to the record. *See id.* If a double jeopardy violation exists, it can be determined from the undisputed facts clearly apparent on the face of the record.[1] Accordingly, appellant has satisfied the first prong of the *Gonzalez* test.

■ In examining the second prong of the *Gonzalez* test, we find that enforcement of the usual procedural default rules would serve no legitimate state purpose. The appropriate remedy for any double jeopardy violation is to vacate one of the convictions. *Ball v. United States*, 470 U.S. 856, 864, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985); *Landers v. State*, 957 S.W.2d 558, 559 (Tex.Crim.App.1997). We are then required, under Texas law, to retain the conviction with the "most serious punishment," and vacate any remaining convictions that are the "same" for double jeopardy purposes. *Landers*, 957 S.W.2d at 560. In this case, if appellant were successful, that would mean vacating his conviction for unauthorized use of a motor vehicle and retaining his conviction for aggravated robbery. A successful double jeopardy challenge would not require a retrial or even a remand to the trial court. Thus, there are no legitimate state interests that would be negatively impacted from allowing appellant to raise his double jeopardy claim for the first time in this appeal. *See Shaffer v. State*, 477 S.W.2d 873, 875 (Tex.Crim.App.1971) (holding that enforcement of compliance with procedural rules is unnecessary when it would serve no legitimate purpose, *i.e.*, when the defendant has provided record and evidence

---

1. Although the court in *Gonzalez* held that the alleged error needed to be preserved, appellant's situation is clearly distinguishable. In *Gonzalez*, the defendant was charged in a single paragraph with injury to an elderly individual and with aggravated robbery in three separate paragraphs, alleging alternative means of committing the offense. *See Gonzalez*, 8 S.W.3d at 640–41. Gonzalez's complaint of multiple punishment rested on only one of the three possible means of committing robbery. *See id.* at 641. Because only one of the three possible means of committing robbery implicated double jeopardy considerations, the record did not show on its face a constitutional error; it showed only the possibility of error. *See id.* at 645. Here, the jury convicted appellant of both unauthorized use of a motor vehicle and aggravated robbery, in separate indictments, implicating double jeopardy concerns.

supporting his double jeopardy claim); *Duckett v. State*, 454 S.W.2d 755 (Tex. Crim.App.1970). We find appellant has satisfied the second prong of the *Gonzalez* test. Having satisfied both prongs of *Gonzalez*, appellant may raise his claim of double jeopardy in this appeal.

### B. Merits of Double Jeopardy Claim

Appellant was indicted in cause number 832,341 for the offense of unauthorized use of a motor vehicle, alleged to have occurred on January 2, 2000. A few days later, appellant was indicted in cause number 832,769 for the offense of aggravated robbery, alleged to have occurred on December 30, 1999. Appellant's indictment for aggravated robbery states:

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

The duly organized Grand Jury of Harris County, Texas, presents in the District of Harris County, Texas, that in Harris County, Texas, DAVID EARL ROY, hereinafter styled the Defendant, on or about DECEMBER 30, 1999, did then and there unlawfully *while in the course of committing theft of property* owned by STEPHEN MARTINEZ and with the intent to obtain and maintain control of the property, intentionally and knowingly threaten and place STEPHEN MARTINEZ in fear of imminent bodily injury and death, and the Defendant did then and there use and exhibit a deadly weapon, to-wit: A FIREARM.

Appellant's indictment for unauthorized use of a motor vehicle states:

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

The duly organized Grand Jury of Harris County, Texas, presents in the District of Harris County, Texas, that in Harris County, Texas, DAVID EARL ROY, hereinafter styled the Defendant, on or about JANUARY 2, 2000, did then and there unlawfully intentionally and knowingly operate a motor-propelled vehicle, namely, an automobile, owned by STEPHEN MARTINEZ, hereafter styled the Complainant, without the effective consent of the Complainant.

According to appellant, the issue before this court is whether he was properly convicted of both aggravated robbery and unauthorized use of a motor vehicle, a lesser included offense, where both offenses involved the same victim and property and allegedly happened during the same criminal episode. The State counters: (1) the indictment properly charged different statutory offenses in separate counts; (2) the evidence showed two distinct offenses occurring on different dates; and (3) the record does not reflect a double jeopardy violation.

When the same act or transaction violates two different penal statutes, the two offenses are the same for double jeopardy purposes if one of the offenses contains all the elements of the other; they are not the same if each offense has a unique element. *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *Hutchins v. State*, 992 S.W.2d 629, 631 (Tex.App.-Austin 1999, pet. ref'd). Absent a clear indication of contrary legislative intent, it is presumed the legislature did not intend to authorize multiple punishments for two offenses that are the same under the *Blockburger* test. *Whalen v. United States*, 445 U.S. 684, 691–92, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980); *Hutchins*, 992 S.W.2d at 631. Even when two penal statutes have unique elements, and are therefore not the same under *Blockburger*, other factors may lead to the conclusion that the legislature did not intend to permit multiple punishments when the same conduct violates both statutes. *Ervin v. State*, 991 S.W.2d 804, 814 (Tex.Crim.App.1999). Other nonexclusive

considerations relevant to determining whether the legislature intended multiple punishments are: (1) whether the penal statutes' provisions are contained within the same statutory section; (2) whether the offenses are phrased in the alternative; (3) whether the offenses are named similarly; (4) whether the offenses have common punishment ranges; (5) whether the offenses have a common focus (i.e. whether the "gravamen" of the offense is the same); (6) whether that common focus tends to indicate a single instance of conduct; (7) whether the elements that differ between the offenses can be considered the "same" under an imputed theory of liability which would result in the offenses being considered the same under *Blockburger* (i.e., a liberalized *Blockburger* standard utilizing imputed elements); and (8) whether there is legislative history containing an articulation of an intent to treat the offenses as the same or different for double jeopardy purposes. *See Ervin,* 991 S.W.2d at 814.

 When, as here, multiple offenses are prosecuted in a single trial, the double jeopardy clause prevents the sentencing court from prescribing greater punishment than the legislature intended. *See id.* at 807. If all the elements of one statutory offense are contained within the other, it is presumed the two offenses are the same and that the legislature did not intend to authorize punishment for both. *See Whalen,* 445 U.S. at 693–94, 100 S.Ct. 1432. Under *Blockburger,* greater and lesser included offenses are the same for double jeopardy purposes. *See Parrish v. State,* 869 S.W.2d 352, 354 (Tex.Crim.App. 1994); *Royster v. State,* 622 S.W.2d 442, 446 (Tex.Crim.App.1981) (explaining that depending upon facts proven, aggravated assault can be lesser included offense of aggravated robbery). To resolve appellant's claim, we must focus on whether,

under these facts, unauthorized use of a motor vehicle is a lesser included offense of aggravated robbery. If so, then we must vacate appellant's conviction of unauthorized use because of the resulting double jeopardy violation.

Appellant correctly states that unauthorized use of a motor vehicle can be a lesser included offense of aggravated robbery. *See Pierson v. State,* 689 S.W.2d 481, 482 (Tex.App.-Houston [14th Dist.] 1985, pet. ref'd). The Texas Court of Criminal Appeals, in *Griffin v. State,* concluded that unauthorized use of a motor vehicle could be a lesser included offense of aggravated robbery using the following analysis:

> Unauthorized use of a vehicle is a lesser-included offense of theft. Theft, in turn, can be a lesser-included offense of robbery. Robbery can be a lesser-included offense of aggravated robbery. Therefore unauthorized use of a vehicle can be a lesser-included offense of aggravated robbery.

614 S.W.2d 155, 158 n. 4 (Tex.Crim.App. [Panel Op.] 1981) (internal citations omitted). In *Griffin,* the issue was not double jeopardy, but rather whether appellant was entitled to a lesser included offense instruction on unauthorized use of a motor vehicle. The Court of Criminal Appeals stated, that while the "appellant admitted operating the vehicle without consent; he denied any intent to deprive the owner, which is an essential element of robbery and theft, thus this evidence would raise the issue of the lesser, included offense of unauthorized use of vehicle." *Griffin,* 614 S.W.2d at 158 n. 4. When reviewing the statutory elements of both aggravated robbery and unauthorized use of a motor vehicle, the Court of Criminal Appeals' conclusion that unauthorized use of a motor vehicle could be a lesser included offense of aggravated robbery is very logical. *See*

*Teague v. State,* 789 S.W.2d 380, 382 (Tex. App.-Houston [1st Dist.] 1990, pet. ref'd.).

The Texas Code of Criminal Procedure states that an offense is a lesser included offense if: (1) it is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged; (2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission; (3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or (4) it consists of an attempt to commit the offense charged or an otherwise included offense. TEX.CODE CRIM. PROC. ANN. art. 37.09 (Vernon 1981).

A person commits the offense of unauthorized use of a vehicle if he intentionally or knowingly operates another's boat, airplane, or motor-propelled vehicle without the effective consent of the owner. TEX. PEN.CODE ANN. § 31.07 (Vernon 1994). A person commits the offense of theft if he unlawfully appropriates property with in-

tent to deprive the owner of the property. TEX. PEN.CODE ANN. § 31.03 (Vernon 1994). Appropriation of property is unlawful if: (1) it is without the owner's effective consent; (2) the property is stolen and the actor appropriates the property knowing it was stolen by another; or (3) property in the custody of any law enforcement agency was explicitly represented by any law enforcement agent to the actor as being stolen and the actor appropriates the property believing it was stolen by another. *Id.* In turn, the offense of theft is enhanced to robbery if a person in the course of committing theft and with intent to obtain or maintain control of the property: (1) intentionally,[2] knowingly,[3] or recklessly[4] causes bodily injury[5] to another; or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. TEX. PEN.CODE ANN. § 29.02 (Vernon 1994). Finally, to elevate this offense to aggravated robbery, the State must prove the robbery and, that during the course of the robbery, the defendant either: (1) caused serious bodily injury[6] to another; (2) used or exhibited a deadly

---

2. Texas Penal Code section 6.03(a) provides that "a person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result." TEX. PEN.CODE ANN. § 6.03(a) (Vernon 1994).

3. Texas Penal Code section 6.03(b) provides that "[a] person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result." *Id.* § 6.03(b).

4. Texas Penal Code section 6.03(c) provides that "[a] person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a

substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint." *Id.* § 6.03(c).

5. Texas Penal Code section 1.07(8) defines "bodily injury" as "physical pain, illness, or any impairment of physical condition." *Id.* § 1.07(8).

6. Texas Penal Code section 1.07(46) defines "serious bodily injury" as "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." *Id.* § 1.07(46).

weapon; *or* (3) caused bodily injury to another person *or* threatened *or* placed another person in fear of imminent bodily injury or death, if the other person is over sixty-five years old or disabled. *Id.* at § 29.03.

Furthermore, we acknowledge that other critical elements of an accusatory pleading, such as time, place, identity, manner and means, although not statutory, are germane to whether one offense includes another and to whether several offenses are the same for double jeopardy purposes. *See Ex parte Jefferson,* 681 S.W.2d 33 (Tex.Crim.App.1984); *Neely v. State,* 571 S.W.2d 926 (Tex.Crim.App. 1978). The charging instrument as well as the applicable penal statute is relevant to a double jeopardy inquiry. *See United States v. Dixon,* 509 U.S. 688, 704, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). Of course, statutory elements will always make up a part of the accusatory pleading, but additional nonstatutory allegations are necessary in every case to specify the unique offense with which the defendant is charged. *See Parrish,* 869 S.W.2d at 354; *see also State v. Perez,* 947 S.W.2d 268, 271 (Tex.Crim.App.1997) (comparing allegations in indictments). Based on the indictments and facts before us, we conclude that unauthorized use of a motor vehicle is a lesser included offense of aggravated robbery in this case.

Appellant's aggravated robbery conviction was based on the fact that he stole Martinez's truck at gunpoint. No other property was taken during this robbery. Appellant continued to drive Martinez's truck until the police arrested him three days later. The State charged appellant with aggravated robbery, alleged to have occurred on December 30, 1999, as well as unauthorized use of a motor vehicle, alleged to have occurred on January 2, 2000. The State argues that, because appellant committed the aggravated robbery on December 30, 1999, but continued to drive the car without Martinez's consent until January 2, 2000, there was no double jeopardy violation. We disagree.

This court, in *Pierson v. State,* found, under similar facts, that unauthorized use of a motor vehicle was a lesser included offense of aggravated robbery, so that the appellant could not be convicted of both offenses, arising out of the same incident, without violating the double jeopardy clause. 689 S.W.2d at 482. In *Pierson,* the appellant's conviction was based on the fact that he stole a car at gunpoint. *Id.* The appellant continued to drive the car for approximately one month before he was arrested. *Id.* The State charged him with both unauthorized use of a motor vehicle and aggravated robbery. *Id.* In *Pierson,* the State presented the same temporal argument that it argues should apply in this case. *See id.* Relying on the United States Supreme Court opinion in *Brown v. Ohio,* this Court rejected the State's argument and found that, because the appellant did not have the owner's consent on the day of the alleged aggravated robbery, he could not be convicted of both offenses. *Id.* (citing 432 U.S. 161, 169, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977)).

In *Brown,* the United States Supreme Court held the State cannot avoid the double jeopardy clause by "dividing a single crime into a series of temporal or spatial units." *Id.* In *Brown,* the defendant stole a vehicle and was caught driving the same vehicle a few weeks later. *Id.* The State charged him with operating the vehicle without the owner's consent or "joyriding," alleging this offense occurred on the day the defendant was caught in the vehicle. *Id.* After prosecution and punishment for that offense, the State indicted the defendant with theft of the *same* vehicle, alleged to have occurred on the day the car was

stolen. *Id.* The question presented to the *Brown* court was whether the "double jeopardy clause bars prosecution and punishment for the crime of stealing an automobile following prosecution and punishment for the lesser included offense of operating the *same* vehicle without the owner's consent." *Id.* The Supreme Court held that, because operating a vehicle without the owner's consent is a lesser included offense of theft, double jeopardy applies. *Id.* The Court further held that the "specification of different dates in the two charges on which Brown was convicted cannot alter the fact that he was placed twice in jeopardy for the same offense." *Id.* We are bound by this precedent, and we find it applies to the facts before us.

The indictments and judgments for the two offenses in this case involved the same property, the same owner, and conclusively show a double jeopardy violation on the face of the record. After stealing Martinez's truck at gunpoint, appellant continued to drive the truck without Martinez's consent for approximately three days before he was arrested. The truck was the only property taken during the aggravated robbery. Appellant's indictment, as stated above, required the State to prove the theft of the truck. In proving the greater offense of aggravated robbery, the State necessarily had to prove, under the facts of this case, the lesser included offense of unauthorized use of a motor vehicle. Under the facts of this case, as in *Brown*, unauthorized use of a motor vehicle is a lesser included offense of aggravated robbery, and appellant's conviction of both offenses violates the double jeopardy clause. *See Brown*, 432 U.S. at 169, 97 S.Ct. 2221.

The proper remedy is to modify the judgment by vacating the lesser sentence and conviction. *See Landers v. State*, 957 S.W.2d at 560. Thus, we sustain appellant's first point of error, vacate his conviction for unauthorized use of a motor vehicle and the sentence of one year confinement, and we affirm appellant's conviction of aggravated robbery and the sentence of forty years' confinement.

## IV. DEFECTIVE INDICTMENT UNDER CAUSE NUMBER 832,342

In points of error two through four, appellant contends: (1) the indictment in cause number 832,342, charging him with aggravated assault, is fundamentally defective for failing to allege an offense; (2) his conviction under cause number 832,342 lowered the State's burden of proof, thereby denying him due process; and (3) there was a fatal variance between the indictment and the proof introduced at trial, thereby rendering the evidence insufficient. The State, in its appellate brief, concedes without argument, that appellant's contentions as to the indictment have merit. We agree.

We first note, however, that because appellant did not file a motion to quash the indictment before trial, he has failed to preserve error with regard to any defect in the indictment. *See* TEX.CODE CRIM. PROC. ANN. art. 1.14(b) (Vernon Supp. 2002); *Crum v. State*, 946 S.W.2d 349, 358 (Tex.App.-Houston [14th Dist.] 1997, pet. denied). Because the failure to allege an element of the offense in an indictment or information is a defect of substance, appellant has waived his second point of error. *See Studer v. State*, 799 S.W.2d 263, 267–68 (Tex.Crim.App.1990) (finding complaint that information failed to allege offense waived). Thus, we overrule appellant's second point of error and address only his arguments as to his third and fourth points of error.

Appellant's indictment in cause number 832,342 reads:

... DAVID EARL ROY, hereinafter styled the Defendant, on or about JANUARY 2, 2000, did then and there unlawfully, *while a public servant*, to-wit: J.B. Easthagen, acting under color of his office and employment, intentionally and knowingly threaten J.B. Easthagen with imminent bodily injury by using and exhibiting a deadly weapon, namely, A MOTOR VEHICLE ...

The trial court's application paragraph in the charge to the jury states:

Now, if you find from the evidence beyond a reasonable doubt that in Harris County, Texas, on or about 2nd of January, 2000, the defendant, David Earl Roy, did then and there unlawfully, *while a public servant*, to-wit: J.B. Easthagen, acting under color of his office or employment, intentionally or knowingly threaten J.B. Easthagen with imminent bodily injury by using or exhibiting a deadly weapon, namely, a motor vehicle, then you will find the defendant guilty as charged in the indictment.

A variance occurs when there is a discrepancy between the allegation in the indictment and the proof presented at trial. *Gollihar v. State,* 46 S.W.3d 243, 246 (Tex.Crim.App.2001). A variance between an indictment and proof has been held to constitute a legal sufficiency issue. *Id.* In a case where a variance is raised, the State has proven the defendant guilty of a crime, but has proven the commission of the crime in a manner that varies from the allegations in the indictment. Such a variance may render the evidence insufficient to sustain the conviction. *Id.* at 247. When the reviewing court is faced with a claim based upon a variance between the indictment and the proof, only a material variance will render the evidence insufficient and require reversal. *Id.* at 257.

In *Gollihar,* the Court of Criminal Appeals adopted the materiality test applied by the Fifth Circuit. *Id.* Under that test, a variance between the wording of an indictment and the evidence presented at trial constitutes a "fatal variance" mandating reversal only if it is material and prejudices the defendant's substantial rights. *Id.* When reviewing such a variance, we must determine whether the indictment, as written, sufficiently informed the defendant of the charge against him to allow him to prepare an adequate defense at trial, and whether prosecution under the deficiently drafted indictment would subject the defendant to the risk of being prosecuted later for the same crime. *Id.*

To find a person guilty of the offense of aggravated assault on a peace officer, the State first must prove the person committed the offense of assault. TEX. PEN.CODE ANN. § 22.01 (Vernon 1994). To elevate the offense of assault to aggravated assault, the State must show, in addition to the elements of assault, that the person (1) caused serious bodily injury to another, including the person's spouse; or (2) used or exhibited a deadly weapon during the commission of the assault. *Id.* § 22.02.

An offense under section 22.02 is a felony of the second degree, except that the offense is a felony of the first degree if the offense is committed: (1) *by* a public servant acting under color of the servant's office or employment; (2) *against* a person the actor knows is a public servant while the public servant is lawfully discharging an official duty, or in retaliation or on account of an exercise of official power or performance of an official duty as a public servant; or (3) in retaliation against or on account of the service of another as a witness, prospective witness, informant, or person who has reported the occurrence of a crime. *Id.*

Appellant contends the indictment alleged that appellant, *as a public servant,* committed the offense of aggravated assault, but the trial evidence established appellant committed the offense of aggravated assault *against* a public servant, *viz,* Deputy Easthagen. Appellant further contends there was no proof at trial showing that appellant is or was a public servant at the time of the offense and that he assaulted Deputy Easthagen while acting under color of his office and employment as a public servant. Appellant maintains that because of this fatal variance between the indictment and the proof presented at trial, the State failed to prove beyond a reasonable doubt an essential element of the charged offense, *i.e.,* that he was public servant. Therefore, appellant argues, the evidence was insufficient to sustain a conviction of aggravated assault.

■ The precise issue we must address is: does the proof at trial comport with conduct alleged in the indictment and set out in the jury charge? The offense in this case, as alleged in the indictment and set out in the jury charge, was that appellant "did then and there unlawfully, *while a public servant* ... intentionally and knowingly threaten J.B. Easthagen with imminent bodily injury by using and exhibiting a deadly weapon, namely, A MOTOR VEHICLE...." The evidence at trial does not show that appellant is or was a public servant at the time he allegedly assaulted Deputy Easthagen with a motor vehicle. *See* TEX. PEN.CODE ANN. § 22.02(b)(1) (Vernon 1994). Instead, the evidence shows that appellant committed the offense of aggravated assault *against* a public servant, *viz,* Deputy Easthagen. *See id.* § 22.02(b)(2). Therefore, the evidence the State introduced at trial proved an offense different from the offense alleged in the indictment and set out in the jury charge. Appellant was never charged with, or in-

dicted for, the offense that the evidence appears to support: aggravated assault *against* a public servant. Therefore, because the State failed to prove beyond a reasonable doubt that appellant is or was a public servant at the time of the alleged offense, we find this to be a variance. *See Gollihar,* 46 S.W.3d at 243 (holding evidence insufficient when there is fatal variance between indictment and proof).

Because we find a variance between the proof presented at trial and the allegation in the indictment and jury charge, we must determine whether this variance is fatal. A variance is fatal if it is material and prejudices the defendant's substantial rights. *See id.* at 248. When reviewing the variance, we apply a two-part test, that is: (1) whether the indictment, as written, informed the defendant of the charge against him sufficiently to allow him to prepare a defense at trial and (2) whether prosecution under the deficiently drafted indictment would subject the defendant to the risk of being prosecuted later for the same crime. *Id.* Both prongs must be analyzed in order to determine if the variance is material. *See Santana v. State,* 59 S.W.3d 187 (Tex.Crim.App.2001). If the variance is found to be material, the evidence will be insufficient to support the conviction. *Id.*

■ Although in most situations we measure the sufficiency of the evidence under a hypothetically-correct jury charge, the hypothetically correct charge may not modify the indictment allegations in such a way as to allege "an offense different from the offense alleged in the indictment." *See Planter v. State,* 9 S.W.3d 156 (Tex.Crim. App.1999). Allegations giving rise to immaterial variances may be disregarded in the hypothetically correct charge, but allegations giving rise to material variances must be included. *See Gollihar,* 46 S.W.3d at 257. In this case, the indictment and

jury charge state an entirely different offense than the proof presented at trial. Furthermore, appellant is in danger of being prosecuted again for aggravated assault against a public servant. *See Gollihar*, 46 S.W.3d at 243. We find the fact that the indictment and charge alleged a different offense than the proof at trial to be a material variance which cannot be disregarded in the sufficiency review. *See id.*

The jury charge stated that appellant, "did then and there unlawfully, while a public servant ... commit aggravated assault." The evidence at trial showed that appellant committed aggravated assault against a public servant. Because the evidence presented at trial does not comport with the conduct alleged in the indictment and set out in the jury charge, the verdict is not supported logically by either the actual jury charge or a hypothetically-correct jury charge formulated to incorporate the elements of the offense. Thus, the evidence was insufficient to show that appellant was guilty of the crime with which he was charged. *See Planter*, 9 S.W.3d at 156. We sustain appellant's third and fourth points of error and we vacate appellant's conviction in cause number 832,342. In light of this ruling, we need not address appellant's fifth and sixth points of error.

## V. FACTUAL SUFFICIENCY FOR THE AGGRAVATED ROBBERY OFFENSE

In his seventh and final point of error, appellant contends the evidence is factually insufficient to prove he committed the offense of aggravated robbery. Appellant, however, concedes the evidence is legally sufficient.

When evaluating a challenge to the factual sufficiency of the evidence, we view all the evidence without the prism of "in the light most favorable to the prosecution" and set aside the verdict only if it is "so contrary to the overwhelming weight of the evidence to be clearly wrong and unjust." *Johnson v. State*, 23 S.W.3d 1, 6–7 (Tex.Crim.App.2000) (citing *Clewis v. State*, 922 S.W.2d 126, 129 (Tex.Crim.App. 1996)). This concept embraces both "formulations utilized in civil jurisprudence, *i.e.,* that evidence can be factually insufficient if (1) it is so weak as to be clearly wrong and manifestly unjust or (2) the adverse finding is against the great weight and preponderance of the available evidence." *Id.* at 11. Under the second formulation, the court essentially compares the evidence which tends to prove the existence of a fact with the evidence that tends to disprove that fact. *Jones v. State*, 944 S.W.2d 642, 647 (Tex.Crim.App.1996). "In conducting the factual sufficiency review, we consider the jury's weighing of evidence and can disagree with the jury's determination." *Clewis*, 922 S.W.2d at 133. However, we must employ appropriate deference so that we do not substitute our judgment for that of the jury. *See Jones*, 944 S.W.2d at 648. Our evaluation should not intrude upon the jury's role as the sole judge of the weight and credibility given to any witness's testimony. *See Cain v. State*, 958 S.W.2d 404, 408 (Tex.Crim. App.1997).

Appellant challenges the proof as to his identity as the perpetrator. In doing so, he attempts to discredit the reliability of Martinez's eyewitness testimony. He asserts that, because he is of a different race than the eyewitness, there is a likelihood of cross-racial misidentification. Appellant's assertion lacks merit. The evidence placing appellant at the scene of the crime is overwhelming.

Martinez had ample time and opportunity to observe appellant before, during and after the robbery. Martinez saw appellant walking on the sidewalk past his truck a few minutes before appellant held

a gun to his head. Martinez also had sufficient time to view appellant during the actual robbery and again while appellant drove away in Martinez's truck. Martinez testified that when he got out of the truck, he was face to face with appellant. Martinez's and the investigating officer's testimony established that at 5 p.m., the time of the robbery, there was still daylight. Appellant was found in possession of Martinez's truck only a few days after the robbery. Appellant did not testify or present any contrary evidence. The evidence is not so weak as to be clearly wrong and manifestly unjust. *See Johnson*, 23 S.W.3d at 11. Accordingly, we find the evidence is factually sufficient to support appellant's conviction of aggravated robbery. We overrule appellant's seventh point of error.

## VI. CONCLUSION

We vacate appellant's conviction and sentence of one year confinement for the offense of unauthorized use of a motor vehicle in cause number 832,341. We vacate appellant's conviction and sentence of ten years' confinement for the offense of aggravated assault on a public servant in cause number 832,342. We affirm appellant's conviction for the offense of aggravated robbery and sentence of forty years' confinement in cause number 832,769.