NO. 07-06-0042-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



MARCH 27, 2006


______________________________



Ex parte WILLIAM H. HILL


_________________________________



FROM THE 154th DISTRICT COURT OF LAMB COUNTY;



NO. 16,768; HON. FELIX KLEIN, PRESIDING


_______________________________



Order of Dismissal


_______________________________



Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

 Pending before the court is the appeal of William H. Hill from an order dismissing
his petition for writ of habeas corpus. The order dismissing the petition was signed on
December 28, 2005. Hill did not mail or otherwise file his notice of appeal from the order
until January 30, 2006. By rule of procedure, Hill was obligated to file his notice of appeal
within 30 days of the date the trial court dismissed his petition. Tex. R. App. P. 26.2(a)(1). (1) 
Because he did not, we notified him, by letter dated March 13, 2006, of the circumstance
and directed that he provide us with any documents considered necessary "for the Court
to determine its appellate jurisdiction." Though he responded to our March 13th letter, he
did so not by explaining why this court had jurisdiction over his appeal or by attempting to
justify the belatedness of his notice. Instead, he purported to address the merits of his
claims.

 Hill having failed to timely file his notice of appeal, we have no jurisdiction over the
matter and dismiss it on that ground.


 Per Curiam


Do not publish. 
1. The record before us does not disclose that Hill timely moved for new trial. Nor does Hill contend
that he did.



 sexual act, it does
not show what type of sexual act he intended. 

 We review the sufficiency of the evidence under the standards announced in
Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and Watson v.
State, 204 S.W.3d 404 (Tex. Crim. App. 2006). We refer the parties to those cases. 

 Next, a defendant's intent may be inferred by words, acts, or deeds. Hernandez v.
State, 819 S.W.2d 806, 810 (Tex. Crim. App. 1991). Here, the evidence shows that
appellant approached the complainant (a 14-year-old girl) while she was seated in the
passenger seat of her mother's vehicle in a parking lot. One of her legs was in the car and
the other outside of it when appellant, who was utterly nude, proceeded to locate himself
between the girl's legs, pull her to him, and utter "hey, baby, here's some dick for you." 
The girl thought she was about to be raped. From appellant locating himself between the
girl's legs, forcibly pulling her to him, and uttering the phrase he did, a jury could
reasonably infer that he intended to penetrate her female sex organ. See Hackbarth v.
State, 617 S.W.2d 944, 946 (Tex. Crim. App. 1981) (finding the evidence sufficient to
support a conviction of attempted rape when the defendant grabbed the complainant,
attempted to remove her clothing, and exposed his penis). 

 Contrary to appellant's suggestion, that he had not attempted to remove the girl's
clothing before he fled (as the girl began to scream and her mother returned to the car)
matters not. The accusation was one of attempt; he need not have completed the assault
to be convicted of the crime. There need only be enough evidence to permit a jury to
rationally infer how he was to complete the assault. And, the evidence we described above
does that. 

 Given the dearth of evidence suggesting that appellant intended to use his penis in
some other manner, we conclude that the evidence is both legally and factually sufficient
to support the verdict. Thus, the issue is overruled.

Issue 2 - Double Jeopardy 


 Next, appellant contends that the offense of indecency with a child is a lesser-included offense of attempted sexual assault and that his conviction of both offenses
violated his right to be free of double jeopardy. The State concedes the issue; thus, we
sustain it by reversing his conviction for indecency. Roy v. State, 76 S.W.3d 87, 94 (Tex.
App.- Houston [14th Dist.] 2002, no pet.) (holding that the lesser punishment offense is to
be reversed, not the greater). Issue 3 - Jury Instruction


 Finally, appellant argues that the trial court erred in refusing to instruct the jury on
renunciation or abandonment. We overrule the issue.

 Admittedly, a defendant is entitled to an instruction on any defensive matter raised
by the evidence. Granger v. State, 3 S.W.3d 36, 38 (Tex. Crim. App. 1999). Furthermore,
renunciation is an affirmative defense to a criminal attempt, but to justify its submission,
the circumstances must show that the renunciation or abandonment was voluntary. Tex.
Pen. Code Ann. §15.04(b) (Vernon 2003). That is, it cannot be motivated, in whole or in
part, by circumstances suggesting an increase in the probability of detection or
apprehension or making more difficult the accomplishment of the objective. Id.
§15.04(c)(1) (defining when renunciation is not considered voluntary).

 While it is undisputed that appellant left the parking lot, we cannot excise this
evidence from its context. See Prewitt v. State, 133 S.W.3d 860, 863 (Tex. App.- Amarillo
2004, pet. ref'd) (stating that the evidence must be viewed in context to assess its import). 
That context depicts appellant continuing his efforts until the girl began screaming and her
mother began to return to the car. At that point, he stopped, looked around, and then fled. 
So, when viewed in context, the circumstances do not show termination of effort due to
voluntary repentance or a change of heart, see Lindsay v. State, 764 S.W.2d 376, 379
(Tex. App.-Texarkana 1989, no pet.) (stating that renunciation requires an affirmative
showing of voluntary repentance or a change of heart and cessation of activity because he
knew his wife was to return did not illustrate that), but rather due to the fear of being
caught. 

 Accordingly, we reverse the conviction for indecency with a child and dismiss that
charge. We affirm his conviction for attempted sexual assault, however. 


 Brian Quinn

 Chief Justice

Do not publish.
1. Appellant pled guilty to the offense of indecent exposure and was convicted by a jury of attempted
sexual assault.