NO. 07-05-0259-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 30, 2007

_____

JAMES C. BELL, JR.,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-404,158; HON. BRAD UNDERWOOD, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J. and CAMPBELL and PIRTLE, JJ.

Appellant James C. Bell, Jr., was convicted of attempted sexual assault of and indecency with a child.[1] He appeals those convictions by contending 1) the evidence is legally and factually insufficient to sustain a conviction for attempted sexual assault, 2) the offense of indecency with a child is a lesser-included offense of attempted sexual assault and, therefore, his right against double jeopardy was violated upon his conviction of both

_____

[1]Appellant pled guilty to the offense of indecent exposure and was convicted by a jury of attempted sexual assault.

crimes, and 3) the trial court erred in failing to give the jury an instruction on renunciation or abandonment. We affirm in part and reverse in part.

### Issue 1 - Sufficiency of the Evidence

In his first issue, appellant challenges the legal and factual sufficiency of the evidence to sustain his conviction of attempted sexual assault. His attack, however, is limited to questioning the sufficiency of the evidence regarding the accusation that he attempted to penetrate the sexual organ of the child with his penis. Specifically, he argues that while the evidence may show that he attempted to perform some sexual act, it does not show what type of sexual act he intended.

We review the sufficiency of the evidence under the standards announced in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and *Watson v. State,* 204 S.W.3d 404 (Tex. Crim. App. 2006). We refer the parties to those cases.

Next, a defendant's intent may be inferred by words, acts, or deeds. *Hernandez v. State,* 819 S.W.2d 806, 810 (Tex. Crim. App. 1991). Here, the evidence shows that appellant approached the complainant (a 14-year-old girl) while she was seated in the passenger seat of her mother's vehicle in a parking lot. One of her legs was in the car and the other outside of it when appellant, who was utterly nude, proceeded to locate himself between the girl's legs, pull her to him, and utter "hey, baby, here's some dick for you." The girl thought she was about to be raped. From appellant locating himself between the girl's legs, forcibly pulling her to him, and uttering the phrase he did, a jury could reasonably infer that he intended to penetrate her female sex organ. *See Hackbarth v. State,* 617 S.W.2d 944, 946 (Tex. Crim. App. 1981) (finding the evidence sufficient to

2

support a conviction of attempted rape when the defendant grabbed the complainant, attempted to remove her clothing, and exposed his penis).

Contrary to appellant's suggestion, that he had not attempted to remove the girl's clothing before he fled (as the girl began to scream and her mother returned to the car) matters not. The accusation was one of attempt; he need not have completed the assault to be convicted of the crime. There need only be enough evidence to permit a jury to rationally infer how he was to complete the assault. And, the evidence we described above does that.

Given the dearth of evidence suggesting that appellant intended to use his penis in some other manner, we conclude that the evidence is both legally and factually sufficient to support the verdict. Thus, the issue is overruled.

### Issue 2 - Double Jeopardy

Next, appellant contends that the offense of indecency with a child is a lesser-included offense of attempted sexual assault and that his conviction of both offenses violated his right to be free of double jeopardy. The State concedes the issue; thus, we sustain it by reversing his conviction for indecency. *Roy v. State,* 76 S.W.3d 87, 94 (Tex. App.– Houston [14th Dist.] 2002, no pet.) (holding that the lesser punishment offense is to be reversed, not the greater). ***Issue 3 - Jury Instruction***

Finally, appellant argues that the trial court erred in refusing to instruct the jury on renunciation or abandonment. We overrule the issue.

Admittedly, a defendant is entitled to an instruction on any defensive matter raised by the evidence. *Granger v. State,* 3 S.W.3d 36, 38 (Tex. Crim. App. 1999). Furthermore,

3

renunciation is an affirmative defense to a criminal attempt, but to justify its submission, the circumstances must show that the renunciation or abandonment was voluntary. TEX. PEN. CODE ANN. §15.04(b) (Vernon 2003). That is, it cannot be motivated, in whole or in part, by circumstances suggesting an increase in the probability of detection or apprehension or making more difficult the accomplishment of the objective. *Id.* §15.04(c)(1) (defining when renunciation is not considered voluntary).

While it is undisputed that appellant left the parking lot, we cannot excise this evidence from its context. *See Prewitt v. State,* 133 S.W.3d 860, 863 (Tex. App.– Amarillo 2004, pet. ref'd) (stating that the evidence must be viewed in context to assess its import). That context depicts appellant continuing his efforts until the girl began screaming and her mother began to return to the car. At that point, he stopped, looked around, and then fled. So, when viewed in context, the circumstances do not show termination of effort due to voluntary repentance or a change of heart, *see Lindsay v. State,* 764 S.W.2d 376, 379 (Tex. App.–Texarkana 1989, no pet.) (stating that renunciation requires an affirmative showing of voluntary repentance or a change of heart and cessation of activity because he knew his wife was to return did not illustrate that), but rather due to the fear of being caught.

Accordingly, we reverse the conviction for indecency with a child and dismiss that charge. We affirm his conviction for attempted sexual assault, however.


Brian Quinn
Chief Justice


Do not publish.

4