**AFFIRM; and Opinion Filed March 23, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-13-01672-CR
No. 05-13-01720-CR

**FRANCISCO JAVIER ESCOBAR, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F11-71776 and F13-59278**

## MEMORANDUM OPINION

Before Justices Lang, Stoddart, and Schenck
Opinion by Justice Schenck

Appellant Francisco Javier Escobar appeals the trial court's judgments convicting him of the offenses of continuous violence against family and enhanced assault–family violence. Appellant pled guilty and judicially confessed to both offenses. In case number F11-71776 (continuous violence against the family), the trial court imposed a sentence of eight years; in case number F13-59278 (enhanced assault–family violence), the trial court imposed a sentence of eight years, and a fine of $3,000. The trial court further ordered that the sentences run concurrently. In two issues, appellant complains that permitting both a conviction for continuous family violence and a conviction for enhanced assault–family violence violates the Fifth Amendment's protection against double jeopardy. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's judgments.

## BACKGROUND

On November 6, 2012, appellant was indicted for the offense of continuous violence against the family. The indictment in case number F11-71776 alleged two acts of domestic violence. First, that on or about September 11, 2011, appellant caused bodily injury to Ericka Alvarez, a person with whom he has or had a dating relationship, by forcing her against a wall, striking her, and kicking her; and, separately, on or about November 5, 2010, caused bodily injury to Alvarez by striking her, forcing her head to the floor and roadway, and kicking her. As alleged, the conduct occurred during a period that was 12 months or less in duration. On November 29, 2012, Appellant judicially confessed and pled guilty to the charge as alleged. The trial court accepted appellant's plea of guilty, ordered appellant to have no contact with Ericka Alvarez, and continued the case to a later date for assessment of punishment.

While sentencing was still pending in case number F11-71776, appellant was arrested for again assaulting Alvarez. On September 24, 2013, appellant was indicted for assault bodily injury–family violence enhancement. The indictment in case number F13-59278 alleged that on or about August 20, 2013, appellant intentionally, knowingly, and recklessly caused bodily injury to Ericka Alvarez, by kicking, grabbing, and pulling her. For enhancement purposes, the indictment also alleged that prior to the commission of the offense alleged in the indictment, appellant had been convicted for assaulting Alvarez in two misdemeanor cases.[1] On October 16, 2013, appellant judicially confessed and pled guilty to the offense as set forth in the indictment.

In case number F11-71776, the trial court declined to follow the plea bargain agreement and imposed a sentence of eight years. In case number F13-59278, the trial court imposed a

---

[1] The indictment alleged that appellant was convicted of assault in cause number MA12-70684 and cause number MA10-68445, County Criminal Court No. 7, Dallas County, Texas, on or about November 30, 2012.

sentence of eight years and a fine of $3,000. The trial court ordered that the sentences in both cases run concurrently. Appellant now appeals both judgments.

## APPLICABLE LAW

In case number F11-71776, appellant was indicted for the offense of continuous violence against the family. A person commits the offense of continuous violence against the family if:

> during a period that is 12 months or less in duration, the person two or more times engages in conduct that constitutes an offense under Section 22.01(a)(1) against another person or persons whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code.

TEX. PENAL CODE § 25.11(a) (West 2011). Section 22.01(a)(1) of the Texas Penal Code provides that "[a] person commits an offense if the person . . . intentionally, knowingly, or recklessly causes bodily injury to another." TEX. PENAL CODE § 22.01(a)(1) (West Supp. 2014). The parties do not dispute that the relationship between appellant and Alvarez was covered by section 71.0021(b) of the family code; the record reflects that appellant testified that Alvarez was his wife and the mother of his four children.

In case number F13-59278, appellant was indicted for the offense of enhanced assault–family violence. Under section 22.01(b) of the Texas Penal Code, a misdemeanor assault becomes a third degree felony if the assault is committed against a person whose relationship to the defendant is described by section 71.0021(b) of the family code, and "it is shown on the trial of the offense that the defendant has been previously convicted of an offense under this chapter, Chapter 19, or Section 20.03, 20.04, 21.11, or 25.11 against a person whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code." *Id*. at § 22.01(b)(2)(A).

## DISCUSSION

In his first issue, appellant challenges the conviction and sentence for enhanced assault–family violence imposed in case number F13-59278 as a violation of the Double Jeopardy

Clause. Appellant argues that he cannot be convicted for both continuous violence against the family and enhanced assault–family violence because both cases were based, in part, on the same predicate misdemeanor conviction (MA12-70684), and thereby violate double jeopardy. In a related second issue, appellant challenges the conviction and sentence for continuous violence against the family imposed in case number F11-71776 because another predicate conviction (MA10-68445) alleged in the enhanced assault–family violence case "could very well be" one of the acts upon which the continuous violence against the family was based, thereby violating double jeopardy.

### *Double Jeopardy*

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." *Brown v. Ohio*, 432 U.S. 161, 164 (1977). This guarantee is applicable to the states through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 787 (1969). The Double Jeopardy Clause protects against a second prosecution for the same offense after an acquittal or a conviction, and against multiple punishments for the same offense. *See Brown*, 432 U.S. at 165; *Evans v. State*, 299 S.W.3d 138, 140–41 (Tex. Crim. App. 2009). Here, appellant complains that multiple punishments have been assessed for the same offense.

The guarantee against multiple punishments does no more than prevent greater punishment than the legislature intended. *Missouri v. Hunter*, 459 U.S. 359, 366 (1983). When the same act violates two different penal statutes, the two offenses are the same for double jeopardy purposes if one of the offenses contains all the elements of the other; they are not the same if each offense has a unique element. *Blockburger v. United States*, 284 U.S. 299, 304 (1932).

*Presentment Of Double Jeopardy Claims*

Appellant makes his double jeopardy challenge for the first time on appeal. In general, a defendant bears the burden of preserving a double jeopardy objection at or before the time the issue of his guilt is submitted to the finder of fact. *See Gonzalez v. State*, 8 S.W.3d 640, 642 (Tex. Crim. App. 2000); *Long v. State*, 130 S.W.3d 419, 423 (Tex. App.—Houston [14th Dist.] 2004, no pet.). However, because of the fundamental nature of double jeopardy protections, appellant may raise a double jeopardy claim for the first time on appeal when two conditions are met: (1) the undisputed facts show the double jeopardy violation is clearly apparent on the fact of the record, and (2) enforcement of the usual rules of procedural default serves no legitimate state interest. *See Langs v. State*, 183 S.W.3d 680, 687 (Tex. Crim. App. 2006); *Gonzalez*, 8 S.W.3d at 643. "A double-jeopardy claim is apparent on the face of the trial record if resolution of the claim does not require further proceedings for the purpose of introducing additional evidence in support of the double-jeopardy claim." *Ex Parte Denton*, 399 S.W.3d 540, 544 (Tex. Crim. App. 2013). The critical inquiry is whether the record before the reviewing court clearly reflects a double jeopardy violation. *Long*, 130 S.W.3d at 424; *Roy v. State*, 76 S.W.3d 87, 93 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

Appellant asserts that the double jeopardy violation is apparent from the face of the record. With respect to his first issue, appellant refers us to his indictment for enhanced assault–family violence in case number F13-59278. The indictment alleged that appellant assaulted Ericka Alvarez on August 20, 2013. The indictment also alleged that the August 20, 2013 assault was rendered a third degree felony pursuant to section 22.01(b)(2) of the Texas Penal Code, because appellant had been previously convicted of two misdemeanor assaults against a family member with whom defendant has or had a dating relationship (MA12-70684 and MA10-68445). The record before this Court does not contain copies of the judgments or any other

documents pertaining to appellant's convictions in MA12-70684 and MA10-68445. Nevertheless, appellant speculates that the MA12-70684 case number indicates that the offense for which he was convicted in that case must have occurred in 2012 or before. Appellant further speculates that the offense in MA12-70684 must have occurred within the same time period underlying his conviction for continuous violence against the family, the period between November 5, 2010, and September 11, 2011. On the basis of these speculations, appellant argues that the conduct in MA12-70684 was subsumed within the continuous violence against the family conviction, and could not be used as a predicate for the enhanced assault–family violence charge.

In his second issue, appellant argues that his conviction for continuous violence against the family also violates double jeopardy because "it could very well be" that his conviction in MA10-68445 constituted one of the acts upon which the continuous violence against the family conviction was based. Again, based solely on the case number, appellant speculates that the offense for which he was convicted in MA10-68445 must have occurred in 2010. Appellant argues that a person can be convicted of continuous violence against the family or a predicate act, but not both. But there is nothing in the record to indicate that the offense for which appellant was convicted in MA10-68445 occurred during the same time period underlying his conviction for continuous violence against the family.

Appellant bears the burden of presenting a record showing on its face that an undisputed double jeopardy violation was involved. *See Gonzalez*, 8 S.W.3d at 645; *Roy*, 76 S.W.3d at 94. Other than the indictment in case number F13-59278 which listed appellant's convictions for assault in MA12-70684 and MA10-68445 for enhancement purposes, there is no mention of MA12-70684 and MA10-68445 in the record before this Court. There is nothing in the record to indicate when the underlying offenses took place; there is nothing in the record to indicate that

–6–

either offense occurred during the same 12-month-or-less period underlying the continuous violence against the family case. Additional evidence with respect to the offenses and convictions in MA12-70684 and MA10-68445 is necessary to support appellant's double jeopardy claim. *See Ex Parte Denton*, 399 S.W.3d at 544.

We conclude that the record before this Court does not clearly reflect a double jeopardy violation with respect to either of appellant's issues. *See Roy*, 76 S.W.3d at 93. Therefore, by failing to object at trial, appellant forfeited his right to raise his double jeopardy claims for the first time on appeal. *See Langs*, 183 S.W.3d at 687. Appellant's first and second issues are resolved against him.

## CONCLUSION

Having resolved both of appellant's issues against him, we affirm the judgments of the trial court.

/David J. Schenck/
_____
DAVID J. SCHENCK
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

131672F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

FRANCISCO JAVIER ESCOBAR,
Appellant

No. 05-13-01672-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-1359278-M.
Opinion delivered by Justice Schenck.
Justices Lang and Stoddart participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 23rd day of March, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

FRANCISCO JAVIER ESCOBAR,
Appellant

No. 05-13-01720-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F11-71776-M.
Opinion delivered by Justice Schenck.
Justices Lang and Stoddart participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 23rd day of March, 2015.